MRS. NANCY GOODWIN, WIDOW, AND ROBERTA GOODWIN, MINOR CHILD, DEPENDENTS OF D. D. GOODWIN, A DECEASED EMPLOYEE, v. JOHN H. BRIGHT, EMPLOYER, AND LUMBERMEN'S MUTUAL CASUALTY COMPANY, INSURANCE CARRIER.

(Filed 30 March, 1932.)

**Master and Servant F b—Evidence held sufficient to sustain finding that death resulted from accident arising out of employment.**

In order that the death of an employee may be compensable under the provisions of the Workmen's Compensation Act it is necessary that it should have resulted from an accident sustained not only in the course of the employment but also arising out of the employment or within the scope of the employee's duties under a reasonable consideration of the circumstances surrounding the death, and where the evidence tends to show that it was the duty of the deceased employee to arrive at the employer's planing mill in the early morning an hour before the other employees in order to fire the engine to run the machinery, and that the mill was at an isolated place where hoboes and others of like character frequently passed, and that the employee was killed and robbed by some unknown person, it is sufficient to support a finding by the Industrial Commission that the death resulted from an accident arising out of the employment and to sustain an award of compensation, and it will not be declared otherwise by the court as a matter of law.

APPEAL by the employer and his insurance carrier from *Devin, J.,* at February Term, 1932, of WAKE. Affirmed.

This is a proceeding begun and prosecuted before the North Carolina Industrial Commission for compensation under the provisions of the North Carolina Workmen's Compensation Act.

The proceeding was first heard by Commissioner Wilson, on 3 June, 1931, at Raleigh, N. C. At this hearing it was agreed by the parties to the proceeding that on 23 October, 1930, and for about two and one-half years prior to said date, D. D. Goodwin was employed by John H. Bright as the fireman at his planing mill, which was located at or near New Hill, in Wake County, North Carolina; and that both the said D. D. Goodwin, as employee, and the said John H. Bright, as employer, were bound by the provisions of the North Carolina Workmen's Compensation Act. The Lumbermen's Mutual Casualty Company was the insurance carrier of the employer, and for that reason was liable under the provisions of said act for the payment of compensation due by the employer to his employees for injuries resulting from accidents which arose out of and in the course of their employment.

It was further agreed by the parties to the proceeding that D. D. Goodwin, while engaged in the performance of his duties as an employee of John H. Bright, at his planing mill, between the hours of 5 and 7 a.m., on 23 October, 1930, was shot and killed by an unknown person, who robbed him of the money which he had on his person, and stole his automobile, which he had parked near the planing mill. As required by the terms of his employment, the deceased had gone to the planing mill, alone, about one hour and a half before the other employees were required to be there to begin the day's work, to get up steam in the boiler. At the time he was shot and killed, there was no other employee at the planing mill.

The evidence at the hearing showed that at the time the deceased employee was shot and killed he was in the boiler room and was engaged in the act of pulling shavings and other combustible matter from the fire under the boiler, with a rake. His body was found by a fellow-employee, who went to the planing mill at about 7 o'clock to begin his day's work. The deceased was shot through the heart; his money had been taken from his pocket; and his automobile was gone. A few days thereafter, the automobile was found in South Carolina and returned to the widow of the deceased.

There was no evidence tending to show that the person who shot and killed the deceased had stolen or attempted to steal any of the property of the employer at the planing mill. There was evidence that the deceased, whose home was about four miles from the planing mill, had

no personal enemies, and that he was a sober, peaceable and industrious man. It was his custom to leave his home at about 5 o'clock in the morning, before daylight, and drive to the planing mill, in his automobile. He was required by his employer to go to the planing mill about an hour and a half before the other employees to get up steam in the boiler.

The planing mill at which the deceased was at work when he was shot and killed is located between the main line tracks of the Seaboard Air Line Railway Company, and a hard-surfaced highway, designated as U. S. Highway No. 1, and N. C. State Highway No. 50. It was well known to the employer that many tramps, hitch-hikers and hoboes passed by the planing mill, traveling over the railroad tracks and the highway, both during the day and during the night. No night watchman was employed at the planing mill.

The claimants in this proceeding are the dependents of the deceased employee, under the provisions of the North Carolina Workmen's Compensation Act, and if the employer and his insurance carrier are liable for compensation on account of the death of the deceased employee, they are entitled thereto.

Commissioner Wilson found that the death of the deceased employee was the result of an accident which arose out of and in the course of his employment.

Upon the admissions made at the hearing and upon the facts found by him from the evidence, he awarded compensation to the dependents of the deceased employee. From his award, the employer and his insurance carrier appealed to the full Commission. Upon the hearing of this appeal, the findings of fact made by Commissioner Wilson were approved, and his award affirmed. The employer and his insurance carrier appealed to the Superior Court of Wake County. The award of the full Commission was affirmed on this appeal, and the employer and his insurance carrier appealed to the Supreme Court.

*T. Lacy Williams for the dependents, appellees.*

*John W. Hinsdale for the employer and his insurance carrier, appellants.*

CONNOR, J. An employee who has suffered an injury resulting from an accident which arose out of and in the course of his employment, is entitled to compensation, to be paid by his employer, when both the employee and the employer are bound by the provisions of the North Carolina Workmen's Compensation Act, N. C. Code of 1931, section 8081(h), chapter 120, Public Laws of North Carolina, 1929. The injury

is not compensable, however, unless it resulted from an accident, which arose not only in the course, but also out of the employment. In *Harden v. Furniture Company,* 199 N. C., 733, 155 S. E., 728, it is said: "As defined in the North Carolina Workmen's Compensation Act, the word 'death,' as a basis for a right to compensation, means death resulting from an injury; and 'injury' and 'personal injury' mean injury by accident arising out of and in the course of the employment, and do not include disease in any form unless it results naturally and unavoidably from the accident. Section 2(f) (j). The mere fact that the injury is the result of the wilful or criminal assault of a third person does not prevent the injury from being accidental. *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266."

In the instant case it is admitted that as shown by all the evidence the death of the deceased employee resulted from an accident which arose in the course of his employment. The question is, whether there was evidence at the hearing before Commissioner Wilson to sustain his finding that the accident which resulted in the death of the employee arose out of his employment. In *Harden v. Furniture Co., supra,* it is said: "While the phrase 'in the course of' refers to time, place, and circumstances, the words 'out of' relate to the origin, or cause of the accident." It is held in that case that if an employee has sustained an injury, the risk of which might have been contemplated by a reasonable person as incidental to the service when he entered the employment, the injury may be said to have arisen out of the employment; and it may be said to be incidental to the employment when it is either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the service owing to the special nature of the employment.

This principle was applied by this Court in *West v. Fertilizer Co.,* 201 N. C., 556, in which the judgment of the Superior Court affirming an award made by the North Carolina Industrial Commission of compensation to the dependents of a deceased employee whose death was the result of injuries suffered while he was performing his duties as a night watchman, and caused by an assault made on him by an unknown person for the purpose of robbery, was affirmed. Here the deceased employee, as shown by all the evidence, was exposed by the terms of his employment to a hazard which might have been contemplated by a reasonable person as incidental to the service required of him by his employer. It cannot be held as a matter of law that there was no causal connection between the conditions under which he was required to work, and the accident which resulted in his fatal injury.

There was no error of law in the finding by the North Carolina Industrial Commission that the accident which resulted in the death of the employee arose not only in the course but also out of his employment. For this reason the judgment of the Superior Court affirming the award of the Commission is

Affirmed.