### MRS. PEARL C. BAIN v. TRAVORA MANUFACTURING COMPANY.

(Filed 2 November, 1932.)

**Master and Servant F b—Injury caused by stray bullet fired by third person at sparrow in public highway held not compensable.**

In an application for compensation under the provisions of the Workmen's Compensation Act, evidence tending to show that the employee at the time of the injury was attending a switch light on the premises of the employer in the course of his duties, and was struck and injured by a

stray bullet from the gun of a third person who was shooting at sparrows across a public highway, is sufficient to sustain a finding by the Industrial Commission that the accident did not arise out of and in the course of the employment, and such finding is not reviewable by the courts.

CIVIL ACTION, before *Midyette, J.,* at May Term, 1932, of ALAMANCE.

The evidence tended to show that plaintiff's intestate, Grover C. Bain, was employed by the defendant as a general utility man and required to perform the major portion of his duties on the outside of the mill. In the performance of his duties he was required to attend a switch lamp at a railroad siding upon the premises of the company. On 7 August, 1930, about noon, while on his way to attend the switch light, he was accidentally injured by reason of being struck by a bullet fired by one W. C. Thomas. The injured man died on or about 23 August, 1930. Thomas was not an employee of the defendant, but was a salesman or clerk in a store located upon the premises of the defendant but leased by it to a third party. Thomas was shooting at an English sparrow across the public highway and in the direction in which Bain was walking. Apparently the sparrow was in the highway and Bain was struck in the back by the bullet. There was evidence that for some time employees of the mill had been shooting sparrows on the premises of the mill, and that Thomas had also been engaged in this practice with the knowledge of the mill officials.

Claim was filed with the Industrial Commission, and the hearing Commissioner denied an award upon the ground "that the said accidental shooting did not arise out of the employment of Grover C. Bain by the Travora Manufacturing Company." Upon appeal to the full Commission and after hearing additional evidence, an award was denied "upon the finding that death of the deceased was not the result of injury by accident which arose out of and in the course of the employment."

Upon appeal to the Superior Court the ruling of the Industrial Commission was upheld and affirmed. From the judgment of the Superior Court the plaintiff appealed.

*Long & Long and Long & Ross for plaintiff.*
*Sapp & Sapp for defendant.*

PER CURIAM. There are three decided cases bearing upon the principles of law involved in the controversy, to wit: *Whitley v. Highway Commission,* 201 N. C., 539; *West v. Fertilizer Co.,* 201 N. C., 556, and *Goodwin v. Bright,* 202 N. C., 481. In the *West* and *Goodwin cases* there were elements of special hazard, or as the Court said, circumstances

bringing the employee "within the zone of special danger." In the case at bar the ultimate question is whether the shooting of a sparrow in a public highway constitutes a risk of the business. Although the facts in *Whitley v. Highway Commission, supra,* are somewhat different from the facts in the present case, notwithstanding the principle of law therein announced determines the merit of this litigation. The Industrial Commission found the facts upon competent evidence, and its findings are conclusive. Even though the facts should all be admitted, the ruling of the *Whitley case* would exclude liability.

Affirmed.