A. W. PERKINS, EMPLOYEE, v. D. J. SPROTT, TRADING AS SPROTT BROTHERS FURNITURE COMPANY, EMPLOYER, AND GREAT AMERICAN INDEMNITY COMPANY, CARRIER.

(Filed 12 December, 1934.)

**1. Master and Servant F i—**

Where all the facts are admitted and the Industrial Commission denies compensation on the facts as a matter of law, the Superior Court, on appeal, has jurisdiction to reverse the Industrial Commission and remand the cause.

**2. Master and Servant F b—Injury in this case held to have resulted from accident arising out of employment.**

Claimant was driving a truck in the course of his employment and, while passing a group of boys playing baseball, the baseball struck the windshield and a piece of glass from the windshield struck claimant in the eye, resulting in the injury: *Held,* the injury resulted from accident arising out of and in the course of the employment.

APPEAL by defendants from *Harding, J.,* at June Term, 1934, of CABARRUS. Affirmed.

A claim was filed by the plaintiff against the above defendants, employer and carrier, for compensation. A hearing before an individual Commissioner, J. Dewey Dorsett, was held in Concord, on 11 October, 1933. The individual Commissioner found that the injury arose out of and in the course of the plaintiff's employment, and entered an award approving compensation. An appeal was taken to the full Commission on 8 November, 1933; the full Commission reversed the award of the hearing Commissioner and found that the injury did not arise out of and in the course of the plaintiff's employment, and entered an order denying compensation and dismissing the case. The plaintiff appealed to the Superior Court. His Honor, Judge Wm. F. Harding, found on the facts that the accident did arise out of and in the course of the plaintiff's employment, reversed the decision of the Commission, and directed that the cause be remanded to the Industrial Commission. The defendants excepted, assigned error, and appealed to the Supreme Court.

It is admitted that on 27 June, 1933, A. W. Perkins, the plaintiff, was one of more than five employees of D. J. Sprott, trading as Sprott Brothers Furniture Company, in Concord, North Carolina; that the contract of employment was made under and was being performed subject to the provisions of the Consolidated Statutes of North Carolina, known as the "Workmen's Compensation Act," and was covered by a policy of insurance in full force and effect with the Great American Indemnity Company; that the average weekly wages of the plaintiff were twelve dollars and fifty cents ($12.50), and that as a result of the injury the plaintiff sustained a permanent loss of fifty-one per cent (51%) of the vision of his right eye.

*H. S. Williams for plaintiff.*
*Fred B. Helms and Frank E. Exum for defendants.*

CLARKSON, J. N. C. Code, 1931 (Michie), sec. 8081 (i): "When used in this chapter, unless the context otherwise requires: (f) 'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident."

In *Harden v. Furniture Company,* 199 N. C., 733 (735), it is said: "While the phrase 'in the course of' refers to time, place, and circumstance, the words 'out of' relate to the origin or cause of the accident." *Goodwin v. Bright,* 202 N. C., 481.

In *Byrd v. Lumber Co., ante,* 253 (255), it is said: "On plaintiff's appeal from the award to the Superior Court, only questions of law involved in the proceeding and decided by the Industrial Commission

could be considered. This is also expressly so provided by statute. N. C. Code of 1931, sec. 8081 (ppp). The jurisdiction of the Superior Court is limited to a consideration of questions of law only."

In the present case all the facts are admitted, and the full Commission decided as a matter of law that plaintiff could not recover. An appeal was taken to the Superior Court and the ruling on this question of law made by the Industrial Commission was reversed. The court below had this power, and we think the decision correct.

The testimony of plaintiff, in part, is as follows: "I was employed as a collector and deliveryman. On 27 June, 1933, I was driving my employer's truck, returning on Highway No. 15, after having made a delivery at Kannapolis, to my employer's place of business in Concord. As I was passing a group of boys playing baseball on a field near the highway a baseball hit and broke the windshield of the truck. A piece of glass from the windshield got in my eye. I did not return to work until 28 September, 1933. . . . Q. What I am getting at is this: Did anything hit you in the face except the glass in your eye? A. Nothing but the glass. The ball, to my knowledge, didn't touch me at all, only possibly fell in my lap. I don't know where the ball was found. Q. Nothing hit you solidly, nothing but the glass, a few fragments of glass went in your eye, and that's all? A. Yes, sir."

The injury was: (1) By accident. (2) In the course of the employment and, we think, "arising out of." The injury to the plaintiff employee was the glass that hit him in the eye. The baseball did not hit him.

In *Whitley v. Highway Com.*, 201 N. C., 539, the injury was a stray shot from a hunter's gun. In *Bain v. Travora Mfg. Co.*, 203 N. C., 466, the injury was the stray bullet from one shooting at a sparrow.

We do not think that it is necessary from the view we take of this case to consider "Street Hazard." The judgment of the court below is

Affirmed.