**SISK v. TAR HEEL CAPITAL CORP.**

[166 N.C. App. 631 (2004)]

——————————

CHRISTINA SISK, Employee, Plaintiff v. TAR HEEL CAPITAL CORP., Employer, and COMPANION PROPERTY & CASUALTY GROUP, Carrier, Defendants

No. COA04-45

(Filed 19 October 2004)

**1. Workers' Compensation— sexual harassment—not compensable**

Emotional injuries resulting from sexual harassment are not compensable under the Workers' Compensation Act.

**2. Workers' Compensation— sexual harassment—assault— not particular to job**

A supervisor's inappropriate conversations and uninvited touchings were not covered under the Workers' Compensation Act as an assault. The supervisor's conduct was not shown to result from dangers particular to plaintiff's work.

Appeal by plaintiff from opinion and award entered 24 October 2003 by Commissioner Bernadine S. Ballance. Heard in the Court of Appeals 23 September 2004.

*George W. Moore, for plaintiff-appellant.*

*C. Michelle Sain, for defendants-appellees.*

TYSON, Judge.

Christina Sisk ("plaintiff") appeals an Opinion and Award filed by the Full Commission of North Carolina Industrial Commission ("Commission") finding plaintiff sustained an injury by accident occurring in the course of, but did not arise out of her employment. Tar Heel Capital Corporation ("defendant-employer") and Companion Property and Casualty Group (collectively, "defendants") filed cross-assignments of error arguing: (1) plaintiff's testimony concerning her employment conditions with defendant-employer lacked credibility; (2) plaintiff's injury did not occur in the course of her employment with defendant-employer; and (3) plaintiff has not been totally disabled since 16 August 2001. We affirm.

I. Background

Plaintiff began work for defendant-employer in July 1992. Defendant-employer operates a Wendy's Restaurant in Forest City, North Carolina. Plaintiff started as a crew employee and was promoted to shift supervisor in 1998. At both her initial hiring and subsequent promotion, defendant-employer presented plaintiff with documentation of defendant-employer's anti-harassment policy (the "policy"). The policy provided a procedure that employees should follow if they became victims of any form of harassment. Plaintiff signed acknowledgments of receipt of the policy on both occasions and took several quizzes testing her knowledge of the policy.

In March 2001, James Johnson ("Johnson") became general manager of the restaurant where plaintiff worked as a shift supervisor. Johnson filed disciplinary notices against plaintiff on two separate

SISK v. TAR HEEL CAPITAL CORP.

[166 N.C. App. 631 (2004)]

occasions in May 2001. Plaintiff testified that around that time, Johnson began making sexually suggestive comments to her, touching her in inappropriate places, pulling her onto his lap, and placing his hand down her shirt. She testified Johnson's actions left bruises where he grabbed her.

On 17 July 2001, plaintiff gave notice of her resignation to Doug Kropelnicki ("Kropelnicki"), the district manager, and Wanda Farmer ("Farmer"), director of human resources. Her notice included, "I can no longer work with harassment at the hands of James Johnson." This was the first notice by plaintiff to defendant-employer of Johnson's behavior. Plaintiff acknowledged she had not followed defendant-employer's anti-harassment procedures.

Plaintiff visited a family practice physician complaining of panic attacks on 18 July 2001. The physician prescribed medication to help with anxiety and wrote plaintiff a note to remain out of work until 23 July 2001.

Defendant-employer conducted an investigation of Johnson's behavior and immediately suspended and eventually terminated his employment on 19 July 2001. That day, Tad Dolbier ("Dolbier"), director of operations, called plaintiff and told her Johnson had been fired, and that he appreciated plaintiff as a valued employee. He asked why she did not follow the anti-harassment procedures. Plaintiff responded, "I did not want to call and create a big stink," and "if I acted like it wasn't happening, maybe it would stop." Dolbier concluded by informing plaintiff that due to her doctor's note, she was entitled paid leave until 23 July 2001. Plaintiff did not return to work.

Farmer sent plaintiff a letter dated 30 July 2001 inquiring of her employment status. Farmer indicated plaintiff's job would remain open until 6 August 2001, but that her absences since 23 July 2001 would be unpaid. Farmer requested a phone call for an update. Plaintiff's attorney responded to Farmer's letter.

Plaintiff contacted her family physician on 6 August 2001. She requested, but was denied, another note saying she could not return to work until 8 August 2001. Plaintiff next sought medical attention from Dr. Michael Knoelke ("Dr. Knoelke"), a psychiatrist on 16 August 2001. Dr. Knoelke testified plaintiff complained of memories of Johnson's behavior that affected her ability to work and drive. Dr. Knoelke diagnosed plaintiff with post traumatic stress disorder including panic attacks and major depressive disorder. Plaintiff vis-

ited Dr. Knoelke on three occasions between September 2001 and May 2002. Each visit resulted in modifying her medication due to her varying levels of stress and depression.

Plaintiff filed a Form 18 with the Commission on 20 August 2001 alleging she was "continuously assaulted and harassed by her general manager, James Johnson, [and] she began having panic attacks . . . sought medical treatment . . . [and] has been unable to work." Plaintiff sought compensation from 16 July 2001 forward. Defendants denied plaintiff's claim on 10 September 2001. Plaintiff filed a Form 33 requesting her claim be assigned for hearing.

The deputy commissioner filed an Opinion and Award on 30 November 2002, which found that Johnson made sexually suggestive remarks, touched plaintiff inappropriately, pulled plaintiff onto his lap, placed his hand down her shirt, and had used his supervisory position to place plaintiff at risk. The deputy commissioner found plaintiff became emotionally upset, was diagnosed with post traumatic stress disorder including panic attacks and major depressive disorder, and currently received treatment from Dr. Knoelke. The deputy commissioner concluded as a matter of law that plaintiff suffered "an injury by accident" and was "entitled to total disability [and] medical expenses incurred" from 18 July 2001 until she returned to work, or by further order of the Commission. Defendants appealed to the Full Commission.

The Full Commission reviewed the case on 22 May 2003 and found the same facts as the deputy commissioner. The Full Commission added that "based on prior appellate decisions, the Full Commission must find as fact that plaintiff's injury did not arise out of the nature of her employment [and] [p]laintiff has also failed to show that she contracted an occupational disease . . . ." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E.2d 116, *disc. rev. denied,* 317 N.C. 334, 346 S.E.2d 140 (1986); *Gallimore v. Marilyn's Shoes,* 292 N.C. 399, 403, 233 S.E.2d 529, 532 (1977).

The Commission's conclusions of law determined plaintiff "established that she sustained an injury by accident occurring in the course of her employment with [defendant], but she failed to establish that her injury arose out of the employment." Specifically, the Commission stated, "sexual assaults are not deemed to be incident to or a natural and probable consequence of the employment under current law." Plaintiff's claim under the Worker's Compensation Act was denied. Plaintiff appeals.

SISK v. TAR HEEL CAPITAL CORP.

[166 N.C. App. 631 (2004)]

## II. Issues

The issues on appeal are whether: (1) an injury caused by sexual harassment properly falls within the jurisdiction of the Workers' Compensation Act (the "Act"); and (2) the Act covers injuries resulting from intentional assaults by co-employees.

## III. Standard of Review

We review *de novo* the Commission's conclusions of law. *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004) (citing *Grantham v. R.G. Barry Corp.*, 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997)), *disc. rev. denied*, 347 N.C. 671, 500 S.E.2d 86 (1998). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the Commission." *In re Appeal of the Greens of Pine Glen Ltd. Part.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (citing *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002)).

## IV. Sexual Harassment and the Act

[1] Plaintiff argues sexual harassment and her resulting mental injury are compensable under the Act. We disagree.

The Act covers injuries sustained from risks incidentally and directly connected to that particular employment. *Goodwin v. Bright*, 202 N.C. 481, 483-84, 163 S.E. 576, 577 (1932). The injury is compensable if it arises out of and occurs in the course of employment. *Perry v. Bakeries Co.*, 262 N.C. 272, 274, 136 S.E.2d 643, 645 (1964). The employee must be performing duties authorized by the employer in furtherance of the employer's business. *Id.*

"Arises out of" refers to an injury that is a "natural and probable consequence" of the employment. *Clark v. Burton Lines*, 272 N.C. 433, 437, 158 S.E.2d 569, 571-72 (1968). There must be some *causal connection* between the employment and the injury. *Taylor v. Twin City Club*, 260 N.C. 435, 438, 132 S.E.2d 865, 868 (1963); *Cole v. Guilford County*, 259 N.C. 724, 726-27, 131 S.E.2d 308, 311 (1963) (emphasis supplied). An injury occurring "in the course of" employment happens when an employee is injured doing something reasonably expected of him or her at the time, place, and under the circumstances of the employment. *Alford v. Chevrolet Co.*, 246 N.C. 214, 217, 97 S.E.2d 869, 871 (1957). The injury must be peculiar to the job and not a common threat to the public generally. *Sandy v. Stackhouse, Inc.*, 258 N.C. 194, 198, 128 S.E.2d 218, 221 (1962).

A similar issue arose in *Hogan*, 79 N.C. App. 483, 340 S.E.2d 116. An employee "made sexually suggestive remarks to [the plaintiff] while she was working, coaxing her to have sex with him[,] . . . telling her that he wanted to 'take' her, . . . brush[ed] up against her, rub[bed] [himself] against her buttocks, and touch[ed] her buttocks with his hands." *Id.* at 490, 340 S.E.2d at 121. This Court determined emotional injuries resulting from sexual harassment were not a "natural and probable consequence or incident of the employment." *Id.* at 496, 340 S.E.2d at 124. We held that sexual harassment is a risk the public generally is exposed to and is "neither covered nor barred by the Act." *Id.*

Here, plaintiff testified that Johnson made sexually suggestive remarks, pulled her onto his lap, placed his hand down her shirt, grabbed her buttocks, and pushed her against a wall and a table. Plaintiff attempts to distinguish *Hogan* as controlling precedent by contending her emotional injuries resulted from physical assaults not present in *Hogan*. We disagree. The facts in *Hogan* are clear that the plaintiff endured similar verbal and physical assaults as plaintiff at bar.

We are bound by prior decisions of this Court. *In re Appeal from Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989). This assignment of error is overruled.

## V. Intentional Assaults under the Act

[2] Plaintiff asserts her emotional injuries caused by Johnson's intentional assaults are covered under the Act. We disagree.

The Act provides compensation for injuries resulting only from accidents. *Lawrence v. Mill*, 265 N.C. 329, 330, 144 S.E.2d 3, 4 (1965); N.C. Gen. Stat. § 97-2(6) (2003). Our Supreme Court recognized that an assault may be classified as an accident if it is not expected or instigated by the employee. *Withers v. Black*, 230 N.C. 428, 433-34, 53 S.E.2d 668, 672-73 (1949). The assault must derive from dangers particular to the job and not common in everyday life. *Gallimore*, 292 N.C. at 403, 233 S.E.2d at 532; *Withers*, 230 N.C. at 434, 53 S.E.2d at 673. If the motive surrounding the assault is personal in nature and unrelated to the employment, resulting injuries are not covered by the Act. *Robbins v. Nicholson*, 281 N.C. 234, 238-39, 188 S.E.2d 350, 353-54 (1972).

Evidence shows Johnson verbally and physically assaulted plaintiff with inappropriate conversation and uninvited touching while at work. Plaintiff, a shift supervisor, worked directly under Johnson, the

general manager. Plaintiff suggests the danger leading to the assaults resulted from Johnson's position as plaintiff's superior. However, plaintiff fails to offer and the record is devoid of evidence indicating the assaults resulted from dangers particular to this job and should be imputed to the employer. There is no indication Johnson's conduct resulted from a dispute over employment issues or differed from harassment experienced in everyday life. Instead, the evidence suggests his motive and actions were entirely personal in nature. Johnson's actions were foul behavior against plaintiff, but it was separate from their common employment interests. This assignment of error is overruled.

## VI. Conclusion

Emotional injuries resulting from sexual harassment are not compensable under the Act. *Hogan*, 79 N.C. App. at 496, 340 S.E.2d at 124. Plaintiff failed to prove the intentional assaults resulted from dangers particular to her position as shift supervisor of a restaurant. We affirm the Commission's denial of compensation to plaintiff. In light of our holding, we do not address defendants' assignments of error.

Affirmed.

Judges BRYANT and LEVINSON concur.