H. R. WHITLEY v. NORTH CAROLINA STATE HIGHWAY COMMISSION, SELF-INSURER.

(Filed 28 October, 1931.)

**Master and Servant F b—In this case held: injury to employee did not arise out of the employment and compensation was properly denied.**

In order for an injury to be compensable under the Workmen's Compensation Act it must not only arise in the course of the employment but also arise out of the employment with a causal connection between the accident and the employment, and where an employee of the State Highway Commission, while engaged in his employment, is accidentally shot by a hunter, the injury does not arise out of the employment and is not compensable even under a liberal interpretation of the statute.

APPEAL by plaintiff from *Devin, J.*, at May Term, 1931, of PITT. Affirmed.

Plaintiff was an employee of the State Highway Commission. On 5 February, 1930, he was accidentally shot by one O. S. Kittrell, while bird hunting, in the left eye and lost the vision. When shot plaintiff was at defendant's truck shed about a mile or so from Greenville, N. C., on Highway No. 91.

Plaintiff's version of the occurrence is as follows: "I had eaten dinner and started working on the truck—and I started to wipe some grease off the truck so we could put the transmission in and not get greasy. I had been at work a while and near one o'clock I was standing beside the truck on the other side of the truck. The truck was headed toward the shed. I was wiping grease out of the foot board. All of a sudden I felt something stinging me and several things hit me on the shoulder. I heard a gun fire and I felt this and my eye started hurting and I knew I was shot. I called to the one that shot me and he came over there and Mr. Kittrell took me on to the car and Mr. Morton took me to Dr. Brown's office."

The North Carolina Industrial Commission made an award to plaintiff. The defendant appealed to the Superior Court and the decision of the Commission was reversed on the ground "that the injury complained of did not arise out of the plaintiff's employment, the decision of the Industrial Commission is reversed, and the award denied." From the judgment plaintiff appealed to the Supreme Court.

*Blount & James for plaintiff.*
*Charles Ross for defendant.*

CLARKSON, J. Plaintiff, in his request to the North Carolina Industrial Commission that his claim be allowed, states: "We have been unable to agree because I believe the accident happened while I was in the performance of my duties to the State Highway Commission, and therefore, I am entitled to compensation." Plaintiff's contention was correct, in part, he was on duty when the unfortunate accident happened by which he lost the vision of his left eye. An unfortunate and deplorable occurrence and the sorrow of the party who did the injury is thus expressed: "I am willing to do anything for him I can. I hated the accident so bad. I have never hit anything when I hunted before. I would not have done it for anything in the world. I did not sleep any for two or three nights worrying about it."

Recovery by the workman can be only "compensation for personal injury or death by accident arising out of and in the course of the employment," etc. Public Laws 1929, chap. 120, part sec. 4.

From plaintiff's request it may be noted that he says "the accident happened while I was in the performance of my duties." This is correct, but the law goes further—it must not only be when he is on duty "in the course of the employment," but the compensation is "for personal injury or death by accident *arising out of* and in the course of the employment." Humanitarian ideals prompted the passage of the act and

this Court in considering the high purpose, has given it a liberal construction, but we cannot stretch the act to say the unfortunate accident to plaintiff arose out of the employment. The general principle stated by plaintiff in cases cited is correct, but not applicable to the facts in this action.

We think there is no causal relation between the accident and the employment. For the reasons given the judgment of the court below is
    Affirmed.