MRS. ELSIE PLEMMONS, Widow, PHOY MARCUS PLEMMONS, Deceased, v. WHITE'S SERVICE, INC., Employer, and NEW AMSTERDAM CASUALTY COMPANY, Carrier.

(Filed 2 March, 1938.)

**1. Master and Servant § 40a—**

The Compensation Act provides, unless the context otherwise requires, that a death of an employee in order to be compensable must result from an injury by accident arising out of and in the course of the employment. C. S., 8081 (i), subsecs. j and f.

**2. Master and Servant § 40e—**

The words "out of" refer to the origin or cause of the accident.

**3. Master and Servant § 40f—**

The words "in the course of" refer to the time, place, and circumstances under which an accident occurs.

**4. Master and Servant § 40e—**

Whether an accident arises "out of the employment" is a mixed question of law and fact to be determined in the light of the facts and circumstances of each case, but the term requires that there be some causal connection between injury and the employment or that the risk be incidental to the employment.

**5. Same—Accident resulting in death held not to have arisen out of the employment under facts of this case.**

Intestate died of hydrophobia resulting from a dog bite received by him while engaged in his duties as attendant in a filling station. *Held:* Claimant is not entitled to compensation for the employee's death, since there was no causal connection between the employment and the bite of a dog running at large, and the accident was not from a risk incidental to the employment.

APPEAL by defendant from *Alley, J.,* at January Term, 1938, of BUNCOMBE.

Proceeding under the N. C. Workmen's Compensation Act for compensation on account of death of the Phoy Marcus Plemmons.

The claim was heard first before Commissioner Dorsett of the N. C. Industrial Commission, from whose decision claimant appealed to the

Full Commission. On such appeal the findings of fact and conclusions of law of the single Commissioner were set aside and reversed. Pertinent to the question on this appeal, the Full Commission finds in substance the following facts: While deceased, Phoy Marcus Plemmons, was regularly employed by respondent, White's Service, Inc., on night duty at its filling station on the night of 26 May, 1936, and while he was waiting on a customer at the station, a small dog ran through the station premises at the place where deceased was at work and bit him on the finger. The finger was dressed the next morning and within a week was entirely healed. Deceased continued to work until 4 July, 1936, when he was taken seriously ill and died four days later of hydrophobia, "which was proximately caused by the dog-bite on 26 May, which was an accident arising out of and in the course of the deceased's employment; . . . that the filling station was exposed to the public, both humans and animals, and the deceased employee working there on night duty was exposed to a greater hazard than the public generally was and was more likely to be bitten by a dog under these conditions than the public in general."

Thereupon compensation was awarded, and, on appeal to the Superior Court the award was affirmed.

Respondents appeal therefrom to the Supreme Court, and assign error.

*J. Frazier Glenn, Jr., and J. G. Merrimon for plaintiff, appellee.*
*J. M. Horner, Jr., for defendants, appellants.*

WINBORNE, J. A single question is determinative of this appeal: Did the death of Phoy M. Plemmons result from injury by accident arising out of and in the course of his employment? We think not, and so hold.

The N. C. Workmen's Compensation Act provides that when used therein, unless the context otherwise requires, "the term 'death' as a basis for a right of compensation means only death resulting from an injury," and " 'injury' means an injury by accident arising out of and in the course of the employment. . . ." C. S., 8081 (i) (j and f). *Harden v. Furniture Co., 199 N. C., 733, 155 S. E., 728.*

"The condition antecedent to compensation is the occurrence of an injury (1) by accident (2) arising out of and (3) in the course of employment." *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266; *Whitley v. Highway Com.,* 201 N. C., 539, 160 S. E., 827; *Beavers v. Power Co.,* 205 N. C., 34, 169 S. E., 825.

Conceding, without deciding, that there is sufficient evidence to support the finding of fact that while in the course of his employment Phoy M. Plemmons was bitten by a dog running at large from which hydro-

phobia developed, resulting in his death, did the dog-bite arise "out of the employment?"

The words "out of" refer to the origin or cause of the accident, and the words "in the course of" to the time, place and circumstances under which it occurred. *Conrad v. Foundry Co., supra; Harden v. Furniture Co., supra; Hunt v. State,* 201 N. C., 707, 161 S. E., 203; *Ridout v. Rose's Stores, Inc.,* 205 N. C., 423, 171 S. E., 642.

Whether an accident arose out of the employment is not exclusively a question of fact. It is a mixed question of fact and law. *Harden v. Furniture Co., supra; Ridout v. Rose's Stores, Inc., supra.*

It has been said that the term "arising out of employment" is broad and comprehensive and perhaps not capable of precise definition. It must be interpreted in the light of the facts and circumstances of each case, and there must be some causal connection between injury and the employment. *Chambers v. Oil Co.,* 199 N. C., 28, 153 S. E., 594; *Harden v. Furniture Co., supra; Canter v. Board of Ed.,* 201 N. C., 836, 160 S. E., 924; *Walker v. Wilkins,* 212 N. C., 627, 194 S. E., 89.

In *Hunt v. State, supra, Adams, J.,* said: "'Arising out of' means arising out of the work the employee is to do or out of the services he is to perform. The risk must be incidental to the employment." *Harden v. Furniture Co., supra; Chambers v. Oil Co., supra; Beavers v. Power Co., supra; Bain v. Mfg. Co.,* 203 N. C., 466, 166 S. E., 301.

In the present case there is no causal relation between the employment of the deceased and the bite of a dog running at large. The risk of such injury by accident is not incidental to the employment. We therefore hold that the accident did not arise out of and in the course of the employment.

The judgment below is

Reversed.