MILDRED E. ROBBINS, EMPLOYEE, v. BOSSONG HOSIERY MILLS, INC., EMPLOYER; AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER.

(Filed 29 October, 1941.)

**1. Master and Servant § 40d—**

A fall is in itself an unusual and unforeseen occurrence constituting an "accident" within the meaning of the Workmen's Compensation Act, and evidence of any unusual or untoward condition or occurrence causing the fall is not required.

**2. Master and Servant § 40e—**

Evidence that an employee, while reaching up to a rack in the course of her employment, for some undisclosed reason lost her balance and fell, is sufficient to sustain the finding of the Industrial Commission that the accident arose out of the employment.

**3. Same—**

Where the cause of an accident is unexplained but the accident is a natural and probable result of a risk of the employment, the finding of the Industrial Commission that the accident arose out of the employment will be sustained; but where the cause of the accident is known and such cause is independent of, unrelated to, and apart from the employment, and results from a hazard to which others are equally exposed, compensation will not be allowed.

APPEAL by plaintiff from *Clement, J.,* at March Term, 1941, of RANDOLPH. Reversed.

Claim for compensation under the Workmen's Compensation Act, ch. 120, Public Laws 1929, as amended.

The individual Commissioner allowed compensation. The Full Commission affirmed. On appeal the court below, being of the opinion "that there is no sufficient or competent evidence upon which the finding of fact that the plaintiff sustained an injury by accident arising out of her employment can be sustained," entered judgment reversing the order of the Commission and dismissing the action. Claimant excepted and appealed.

*Ferree & Beal for plaintiff, appellant.*
*Sapp, Sapp & Atkinson for defendants, appellees.*

BARNHILL, J. Claimant was employed by defendant Bossong Hosiery Mills, Inc., as a topper. On 18 October, 1934, she returned to her place of employment just prior to the time her shift was required to relieve the night shift, went to her bench and began to perform necessary duties preliminary to the starting of her machine. She was "loose coursing"

or making lines on hose. There is a stand or rack upon which she was required to keep her work material and to hang the hose. This rack was elevated and apparently over the machine. The hose are hung on the rack and in order for claimant to do her work it was necessary for her to take them down, "loose course" them and then put them back. In so doing she fell and received serious injuries.

Her fall is thus described by an eyewitness: "I saw her walk up there to this rack where they hang this work and she just walked up there and she put her hands up like that, I don't know whether she had work in them or what, or whether she was getting work, and then I saw her go backwards like that . . . looked to me like she walked up to the rack, about as high as that lamp, and it looked like she reached up to get work or put it on the machine, and the next thing I knew she was falling . . . at the time she had her bone (an instrument used in her work) in her hand."

That claimant was acting in the course of her employment is conceded. That the fall constituted an accident cannot be controverted. While defendant insists that there is no evidence of any unusual or untoward condition or occurrence that caused the fall, this is not essential. The fall was the unusual, unforeseen occurrence which is the "accident" within the meaning of the act. The injury was the result.

Did the accident arise out of the employment? On this record this is the decisive question. It was upon a negative answer thereto that the court based its judgment.

The meaning of the term "out of" as used in the Workmen's Compensation Act has been frequently discussed and defined by this Court. Mere repetition would serve no good purpose. *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266; *Harden v. Furniture Co.,* 199 N. C., 733, 155 S. E., 728; *Plemmons v. White's Service, Inc.,* 213 N. C., 148, 195 S. E., 370; *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356, 196 S. E., 342.

When claimant was injured she was engaged in performing one of the duties of her employment. When she reached up to the rack, for some undisclosed reason she lost her balance and fell. There is no evidence tending to show that the fall was caused by a hazard to which the workman would have been exposed apart from the employment or from a hazard common to others. It had its origin in a risk connected with the employment. Hence, we are unable to say that the Commission was not justified in concluding that it was connected with and flowed from the employment as a rational consequence.

The decisions in somewhat similar cases may be divided into two distinct groups. One group is represented by *Maley v. Furniture Co.,* 214 N. C., 589, 200 S. E., 438, and *Morgan v. Cloth Mills,* 207 N. C., 317,

177 S. E., 165. In the *Maley case, supra,* the employee suffered an injury to his arm and in the *Morgan case, supra,* he slipped and fell while in the course of his employment. In each case the cause of the injury was in doubt. No other sufficient explanation appearing, we held in each case that the conclusion that the injury arose out of the employment was permissible and should be sustained.

The other group is represented by the cases cited and relied on by defendant. In each of those cases it affirmatively appears that the cause of the accident was either physical infirmity or external force or violence, in nowise connected with or related to the employment, and that it arose out of a hazard common to others. In *Neely v. Statesville,* 212 N. C., 365, 193 S. E., 664, it was heart failure. In *Buchanan v. Highway Commission,* 217 N. C., 173, 7 S. E. (2d), 382, claimant when at work was periodically blind and dizzy. In *Plemmons v. White's Service, Inc., supra,* he was bitten by a dog. In *Whitley v. Highway Commission,* 201 N. C., 539, 160 S. E., 827, he was accidentally shot by a hunter; and in *Bain v. Mfg. Co.,* 203 N. C., 466, 166 S. E., 301, he was injured by a stray bullet.

The logic of these decisions is this: where the employee, while about his work, suffers an injury in the ordinary course of the employment, the cause of which is unexplained but which is a natural and probable result of a risk thereof, and the Commission finds from all the attendant facts and circumstances that the injury arose out of the employment, an award will be sustained. If, however, the cause is known and is independent of, unrelated to, and apart from the employment—the result of a hazard to which others are equally exposed—compensation will not be allowed. Herein lies the distinction which is bottomed upon the rule of liberal construction.

The judgment below is

Reversed.