MRS. BERNICE MATTHEWS, WIDOW OF P. C. MATTHEWS, FOR AND IN BEHALF OF HERSELF AND HER THREE MINOR CHILDREN, W. H. MATTHEWS, R. P. MATTHEWS AND C. A. MATTHEWS, v. CAROLINA STANDARD CORPORATION, EMPLOYER, AND THE EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, CARRIER.

(Filed 9 June, 1950.)

1. **Master and Servant § 50—**

   The burden is upon claimant to show (1) injury by accident, (2) suffered in the course of employment, and (3) arising out of the employment.

2. **Master and Servant § 40d—**

   "In course of" the employment as used in the Workmen's Compensation Act refers to the time, place and circumstances in which the injury by accident occurs.

3. **Master and Servant § 40c—**

   "Out of the employment" as used in the Workmen's Compensation Act refers to the origin or cause of the accident and implies some causal relation between the employment and the injury.

4. **Same—**

   Findings to the effect that during lunch hour the employees were free to go as they pleased, that deceased employee had stopped his work for the lunch period and, in attempting to board a truck moving within the prem-

ises of the employer, fell and was fatally injured, with further evidence that the employee had been given no order and had no duty connected either with the truck or its contents, and was acting according to his own will, *is held* insufficient to show affirmatively that the injury resulted from a hazard incident to the employment, and supports the ruling of the Industrial Commission that it did not arise out of the employment.

### 5. Master and Servant § 47—

The mere fact that at the time of hearing a claim the chairman of the Industrial Commission was financially interested in organizing a compensation insurance company, entirely unrelated to the company sought to be held liable upon the claim, *is held* insufficient to upset the award rendered by the unanimous commission, it further appearing by affidavits that the chairman's decision in the case was not influenced by his interest in organizing a separate and distinct insurance company.

Appeal by defendants from *Gwyn, J.,* November Term, 1949, of Richmond. Reversed.

This was a claim under the Workmen's Compensation Act for compensation for the injury by accident and resultant death of P. C. Matthews which it was alleged arose out of and in the course of his employment by defendant Carolina Standard Corporation.

The claim was heard by the Industrial Commission with result that the hearing commissioner found that decedent's injury and death did not arise out of and in the course of his employment by defendant Corporation and denied compensation. On appeal to the full commission the findings, conclusion and award of the hearing commissioner were affirmed, and plaintiff appealed to the Superior Court. In the Superior Court it was held that on the facts reported the conclusion of the Industrial Commission should be reversed and the case remanded with instructions that award of compensation be made. Defendants excepted and appealed to this Court.

*Jones & Jones for plaintiff, appellee.*
*Pierce & Blakeney for defendants, appellants.*

Devin, J. The question presented by the appeal is whether the facts found by the Industrial Commission on the evidence reported were sufficient to support the conclusion that the injury by accident resulting in the death of P. C. Matthews did not arise out of his employment by the defendant Carolina Standard Corporation. Appellants contend there was error in the judgment below in reversing the conclusion of the Industrial Commission on the facts found and remanding the case for an award of compensation.

The evidence upon which the Industrial Commission made its findings and conclusions tended to show that decedent was employed as a general laborer by defendant Corporation in and about its planer mill and lumber yard, performing various duties under the direction of Production Foreman Page, being paid an hourly wage. The work hours were 8 to 4:45, except that from 12 noon to 12:45 work was stopped for lunch. During this time employees were not paid, and were free to eat lunch there or go anywhere they wished. Most of them ate their lunch on the premises, some went home for lunch and some went to a store a quarter of a mile away. The decedent lived 3 miles from the plant and usually brought his lunch with him but sometimes went to the store for something to drink or eat. It does not affirmatively appear that he brought his lunch with him on the day of his injury.

On 13 February, 1947, Matthews had been working under the direction of Page until shortly before noon, and at the signal for noonday stoppage Matthews was near the planer mill. At this time a truck belonging to Settle Dockery and loaded with lumber for delivery to defendant Corporation was on the yard. The truck was being driven by Dockery's employee Gardner. The truck had been driven into the yard from Greene Street, two blocks away, and turned around and headed out. The lumber had been checked a few minutes before noon. The driver had been told by Page where to unload the lumber and a man named Ball got in the cab with him to show him where a part of the lumber was to be placed. It was the driver's duty to unload the lumber without assistance. Page got on the running board of the truck to ride to the office. As the truck started, a few minutes after 12 o'clock, Matthews, who was last observed in rear of the truck, suddenly ran to get on the truck and in some way fell under the rear wheels of the truck and was killed.

It was testified without contradiction that Matthews had no duty to perform in or about the truck or the lumber loaded thereon, and had received no orders or permission to get on the truck, nor had he been told to do anything that would necessitate his getting on it. He had nothing to do with showing where the lumber was to be put, or with unloading it. It was then past noon and all work had stopped for the lunch period. The truck was moving east toward Greene Street when the decedent attempted to get on.

The hearing commissioner's findings and conclusions were stated as follows:

"That the decedent, P. C. Matthews, sustained an injury by accident, February 13, 1947, a short time after 12 o'clock noon, when he attempted to board a moving tractor-trailer truck on the defendant employer's premises and fell beneath the rear wheels of the tractor which ran over him, resulting in his immediate death; that the decedent's lunch hour

was from 12 o'clock noon, to 12:45; that said injury by accident did not arise out of nor in the course of decedent's employment with the defendant employer, Carolina Standard Corporation.

"The evidence tends to show that the decedent had been checking lumber with a group of fellow employees and that either slightly before 12 o'clock noon, or exactly at 12 o'clock noon, he had finished this work and started toward the planer mill; that at that time a fellow employee heard the whistle blow for lunch and immediately started for home; that the decedent arrived at the planer mill and then for some unexplained reason attempted to board a tractor-trailer truck, which was delivering lumber to the defendant employer and which had just started moving; that just prior to the accident and while attempting to board the truck, no one heard the claimant's deceased say anything. The evidence is clear and uncontradicted that the lunch hour had been called and that it was the custom for most of the employees to drop whatever they were doing immediately upon being notified of the lunch hour and to get their lunch or go home to eat or to a cafe. The evidence is clear that during the lunch period that the employees were free to go anywhere they desired.

"In the instant case there is no evidence as to the intent of the decedent in attempting to board the moving truck, but there is the evidence that the decedent had left his particular job which was 150 feet from the truck; that the lunch hour had been called; that he had not been given orders to do anything else. Therefore, the Commission is of the opinion that the evidence is insufficient to sustain a finding that the accident arose out of and in the course of the employment and that there was any causal connection between the injury and the employment."

On the appeal to the full commission the findings and conclusions of the hearing commissioner were affirmed with notation that the full commission after a careful study of all the evidence in the case "cannot find that it arose out of his employment because there is no evidence in the record, so far as the full commission has been able to discern, that any of the duties of the deceased required him to be at the place where he was at the time he was killed; neither is there any evidence that the deceased had any duty imposed on him by his employment at the time he was killed to be boarding the truck which ran over him and killed him."

Plaintiff appealed to the Superior Court only on the ground that the opinion of the full commission was "contrary to the law and the evidence in the case." The Judge of the Superior Court being of opinion "that a case of liability had been made out, and that no other conclusion may be supported by the facts," reversed the conclusion of the Commission and remanded the case for an award of compensation.

While the report of the hearing commissioner is not as orderly as it should have been in setting out separately and distinctly the facts found

and the conclusions based thereon, the report does set out the evidence which is uncontradicted and upon it the finding that the injury and death of decedent did not arise out of nor in the course of his employment by the defendant corporation. This finding was modified by the full commission's finding only that the injury by accident did not arise out of his employment.

In this state of the record we conclude that the Commission has found from the facts in evidence that they were insufficient to show any causal connection between the injury suffered and the employment of decedent by the defendant corporation. After a careful examination of all the evidence reported by the Commission, we think this conclusion was supported by the evidence and should have been upheld.

The burden of proof was on the plaintiff. *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760; *McGill v. Lumberton,* 215 N.C. 752, 3 S.E. 2d 324. To make out a valid claim plaintiff was required to show (1) injury by accident, (2) suffered in the course of decedent's employment, and (3) arising out of his employment by the defendant corporation. *Withers v. Black,* 230 N.C. 428, 53 S.E. 2d 668; *Taylor v. Wake Forest,* 228 N.C. 346, 45 S.E. 2d 387; *Wilson v. Mooresville,* 222 N.C. 283, 22 S.E. 2d 907; *Plemmons v. White's Service, Inc.,* 213 N.C. 148, 195 S.E. 370; G.S. 97-2 (f). The plaintiff here has shown the first and second of these requisites, but there was no evidence to support the third. *Bolling v. Belk-White Co.,* 228 N.C. 749, 46 S.E. 2d 838.

In the interpretation of the Workmen's Compensation Act uniformly the decisions of this Court have declared that the phrase "in course of" refers to the time, place and circumstance under which the injury by accident occurred, while the words "out of the employment" refer to the origin or cause of the accident, as springing from the work the employee is to do or out of the service he is to perform. *Withers v. Black, supra; Taylor v. Wake Forest, supra; Conrad v. Foundry Co.,* 198 N.C. 723, 153 S.E. 266; *Hunt v. State,* 201 N.C. 707, 161 S.E. 203; *Plemmons v. White's Service, Inc.,* 213 N.C. 148, 195 S.E. 370; *Wilson v. Mooresville,* 222 N.C. 283, 22 S.E. 2d 907; *Brown v. Aluminum Co.,* 224 N.C. 766, 32 S.E. 2d 320; *Rewis v. Ins. Co.,* 226 N.C. 325, 38 S.E. 2d 97. "There must be some causal relation between the employment and the injury." *Conrad v. Foundry Co., supra.* "The risk must be incidental to the employment." *Hunt v. State, supra.* "Whether an accident arose out of the employment is not exclusively a question of fact. It is a mixed question of fact and law." *Plemmons v. White's Service, Inc., supra. Howell v. Fuel Co.,* 226 N.C. 730, 40 S.E. 2d 197;

We do not regard the decisions in *Brown v. Aluminum Co.,* 224 N.C. 766, 32 S.E. 2d 320; *Robbins v. Hosiery Mills,* 220 N.C. 246, 17 S.E. 2d 20; *Gordon v. Chair Co.,* 205 N.C. 739, 17 S.E. 485; *Bellamy v. Mfg. Co.,*

200 N.C. 676, 158 S.E. 246, or *Chambers v. Oil Co.,* 199 N.C. 28, 153 S.E. 594, as inconsistent with the conclusion we have reached on the facts of this case.

Here the evidence clearly shows that during the work stoppage for the lunch period, the decedent had no work to do, no service to perform. His time was his own. In attempting to get on the moving truck he was under no order or duty connected either with the truck, the lumber or the business of the yard. He acted according to his own will. The truck was headed toward the street. It began to move. He ran to get on it and fell under the wheel. No word was spoken. The Industrial Commission did not find what purpose he had in mind. But it was not necessary to find that. The Commission did find his injury had no causal connection with his employment, and the burden was on plaintiffs to show affirmatively that it arose out of his employment. True he was on the premises of his employer at the time but under no duty. According to the evidence presented and the findings of the Commission the injury did not result from a hazard incident to his employment. *Bryan v. T. A. Loving Co.,* 222 N.C. 724, 24 S.E. 2d 751.

Injuries suffered by employees on the employer's premises during lunch hour have been considered by the courts in other jurisdictions in numerous cases, and the allowance of compensation therefor generally held determinable upon whether the hazard was incidental to the employment or had no causal relation thereto. 6 A.L.R. 1151 (note); 17 N. C. Law Review 458. As illustrative of this distinction it was held in *Thomas v. Proctor & Gamble,* 104 Kan. 432, that where an employee during work stoppage at lunch hour was injured as result of engaging in activities which were customarily carried on with the knowledge and approval of employer, such practices were considered as conditions under which the business was carried on, and injuries incident thereto compensable. In *Geary v. Anaconda Copper Mining Co.,* 120 Mont. 485, where the employee was subject to call during lunch time and in effect forced to eat on the premises and was injured in a hand-ball game customarily permitted by employer, compensation was allowed. In *Zarba v. Lane,* 322 Mass. 122, it was said, "if he (the employee) is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment," an injury sustained during noon hour would be compensable. But in *Mutti v. Boeing Aircraft Co.,* 25 Wash. 871, compensation was denied where the employee, during lunch period when he was free to go where he pleased and was not under control of employer, went to attend to a personal matter on the premises and was injured when the building was struck by a falling airplane. And in *Luteran v. Ford Motor Co.,* 313 Mich. 487, where an employee on the premises during the lunch hour was struck by a baseball

bat accidentally let slip by a fellow employee, compensation was denied, there being no evidence baseball playing was sponsored or encouraged by the employer.

We conclude that upon the record and the entire evidence in the case at bar, the finding that the injury by accident for which claim is made did not arise out of decedent's employment was supported by the evidence, and that the ruling of the court in reversing the action of the Industrial Commission must be held for error. *Greer v. Laundry,* 202 N.C. 729, 164 S.E. 116; *Moore v. Drug Co.,* 206 N.C. 711, 175 S.E. 96; *Lockey v. Cohen, Goldman & Co.,* 213 N.C. 356, 196 S.E. 342; *McNeill v. Construction Co.,* 216 N.C. 744, 6 S.E. 2d 491; *Blevins v. Teer,* 220 N.C. 135, 16 S.E. 2d 659.

One other matter perhaps should be considered, as it appears in the record and is referred to in the briefs.

While the appeal from the Industrial Commission was pending in the Superior Court, the plaintiff filed motion in that court to set aside the decision of the Commission on the ground that the chairman of the Commission, T. A. Wilson, was disqualified to act in this case for the reason that he was a subscriber for stock and financially interested in the Textile Insurance Company, a casualty insurance company, at the time this case was being heard by the Commission. The motion was supported by affidavit filed 5 November, 1949. It appeared from this and other affidavits filed that Mr. Wilson had been a member of the Industrial Commission since it was created by the General Assembly in 1929; that the Textile Insurance Company was in process of organization but not licensed to do business when this case was heard in 1948; that Mr. Wilson retired in April 1949 and is now an officer of the Textile Insurance Company; that neither Mr. Wilson nor the Textile Insurance Company had any connection with the defendant Mutual Liability Insurance Company of Wisconsin or any other party to this proceeding; that the decision of the Industrial Commission in this case was unanimous; that no objection to Mr. Wilson's acting was made at the hearing, nor until some time after the appeal had been filed in the Superior Court; that at the time the affidavits were filed in support of plaintiff's motion Mr. Wilson was no longer a member of the Commission. By affidavit Mr. Wilson denies his decision in this case was influenced by his interest as subscriber for stock in the Textile Insurance Company. The local manager of defendant Mutual Liability Insurance Company, the insurance carrier in this case, also filed an affidavit, testifying to the disinterestedness of Mr. Wilson.

The Judge below did not consider this question, as his decision was in favor of plaintiff on other grounds, and plaintiff did not appeal. There is no assignment of error properly presenting the question, though it is discussed in plaintiff's and defendants' briefs. Under these circumstances

we express the opinion that the facts shown are insufficient to warrant vacating the findings and conclusions of the Industrial Commission on the ground set forth in plaintiff's motion.

For the reasons hereinbefore stated we conclude that there was error in reversing the action of the Industrial Commission, and that the defendants were entitled to an affirmance of the findings and conclusions of the Industrial Commission.

Judgment of the Superior Court is
Reversed.