RANDLE POTEETE v. NORTH STATE PYROPHYLLITE COMPANY AND
ST. PAUL MERCURY INDEMNITY CO.

(Filed 9 July, 1954.)

**1. Master and Servant § 40c—**

> Where an employee, while about his work, suffers an injury in the ordinary course of employment, the cause of which is not explained, but which is a natural and probable result of a risk thereof, and the Commission finds from the evidence that the injury arose out of the employment, an award will be sustained.

**2. Master and Servant § 40a—**

> In order to be compensable, an injury must arise out of and in the course of claimant's employment.

**3. Master and Servant § 40c—**

"Arising out of," as used in the Workmen's Compensation Act, means arising out of the work the employee is to do or the service he is to perform as a risk incidental to the employment.

**4. Master and Servant § 55d—**

Whether an accident arose out of the employment is a mixed question of law and fact.

**5. Master and Servant § 40c—Evidence held insufficient to support finding that injury arose out of the employment.**

The evidence tended to show that claimant, a foreman, frequently returned to the employer's plant after his regular working hours, to see how the work was going and to help correct any difficulties he found, that on the day in question claimant returned to the plant twice after his working hours for the purpose of seeing a co-employee to collect a personal debt, that on the second visit he found a rock chute, which was attended by the co-employee, choked up, and that, before speaking about the debt, he helped the co-employee for something over 20 minutes in the hard work of unchoking the chute. The evidence further tended to show that after the chute was unchoked, claimant walked over and sat on a wall to rest and wait until the co-employee had a lull in his work in order to speak to him about the debt, and that claimant, while waiting, lost consciousness and fell off the wall to his injury. *Held:* The evidence is insufficient to sustain a finding that plaintiff's injury arose out of and in the course of his employment, since from the evidence it cannot be held that the accident resulted from risk incidental to the employment.

APPEAL by defendants from *Clarkson, J.,* March Civil Term 1954 of GUILFORD (Greensboro Division).

Proceeding under Workmen's Compensation Act to determine liability of defendant North State Pyrophyllite Company, employer, and defendant St. Paul Mercury Indemnity Co., compensation carrier, to plaintiff, injured employee.

After making the jurisdictional determinations the Industrial Commission found the facts set forth below. The North State Pyrophyllite Company will be called the defendant.

Plaintiff at the time of his injury was foreman of the manufacturing department of the defendant. As such foreman it was an accepted custom and practice on plaintiff's part, with full knowledge and approval of his employer, to return to the plant at any hour after he had finished his day's work to see how the work was going, and to help correct any difficulties found to exist. The defendant always paid him for this extra work without question, which was added to his time card the next morning.

On 20 March 1953 he worked the regular day shift, which ended at 4:00 p.m. He was in good health. About 5:00 p.m. the same day he

returned to the plant to see John Moody, an employee there, who owed him $10.00. The 20th of March was pay day. He found Moody crushing rock. He left, and returned about 6:00 p.m. to see Moody about the $10.00. When he returned the second time, he found the chute to the crusher choked up. Pyrophyllite rock is fed through the chute into the crusher to be ground. Plaintiff immediately began work to help Moody unchoke it. The unchoking process is a two-man job, and it is necessary to work rapidly to prevent the rock from continuing to pile up in the chute. Plaintiff stood on one side of the chute, Moody on the other side, and each with a long iron rod proceeded to punch the choked rocks of all sizes down the chute. This work required about 30 to 40 minutes of hard labor. When the work was done, plaintiff was hot and tired. He walked about 25 steps away from the chute, and sat down on a wall, which was 2 feet high from the side he approached it, and 8 feet high on the other side. That he sat on the wall to rest a moment and to see if the machinery started off right, intending thereafter, when his services to the company ended, and there was a lull in the work, to speak to Moody about the $10.00. Moody started the machinery, and plaintiff was watching to see if the belts were running. The machinery started all right. At that moment plaintiff experienced a sensation of "turning blind," and remembered nothing thereafter until he regained consciousness in a hospital.

Plaintiff fell backward from the wall on which he was sitting, and landed on a concrete floor 8 feet below, receiving severe and permanent injuries.

The Commission reached the conclusion that plaintiff sustained an injury by accident arising out of and in the course of his employment, and awarded compensation.

On appeal to the Superior Court the award of the Commission was upheld. From this latter ruling, the defendants appeal assigning error.

*A. C. Davis for Plaintiff, Appellee.*
*Jordan & Wright and Perry C. Henson for Defendants, Appellants.*

PARKER, J. The correctness of the award is challenged on the ground that the evidence does not support the finding that claimant's injury arose out of and in the course of his employment. G. S. N. C. 97-2(f); *Lewter v. Abercrombie Enterprises, Inc., ante,* 399, 82 S.E. 2d 410; *Matthews v. Carolina Standard Corp.,* 232 N.C. 229, 60 S.E. 2d 93.

We have held in the following cases where an employee, *while about his work,* suffers an injury *in the ordinary course of employment,* the cause of which is not explained, but which is a natural and probable result of a risk thereof, and the Commission finds from the evidence that the injury arose out of the employment, an award will be sustained. *Morgan v.*

*Cloth Mills,* 207 N.C. 317, 177 S.E. 165; *Maley v. Furniture Co.,* 214 N.C. 589, 200 S.E. 438; *Robbins v. Hosiery Mills,* 220 N.C. 246, 17 S.E. 2d 20; *DeVine v. Steel Co.,* 227 N.C. 684, 44 S.E. 2d 77. "There is surprisingly little *contra* authority." Larson's Workmen's Compensation Law, Vol. 1, p. 100.

In the *Morgan case* the indications were he slipped on some ice, or stumbled over some lumber or a hand truck on an unlighted platform, and fell to the frozen ground. In the *Maley case* claimant was seen working in front of a running saw with a fresh bleeding place on his arm. In the *Robbins case* claimant, while reaching up in a rack in the work she was doing, fell. In the *DeVine case* the claimant was required to stand on a platform to lower a flag from a flag pole each day. He was found unconscious at the bottom of the flag pole with ropes of the flag pole tangled with his body.

It is settled law that "where an injury cannot fairly be traced to the employment as a contributing proximate cause . . . it does not arise out of the employment." *Bryan v. T. A. Loving Co.,* 222 N.C. 724, 24 S.E. 2d 751; *Lockey v. Cohen, Goldman & Co.,* 213 N.C. 356, 196 S.E. 342; *Walker v. Wilkins, Inc.,* 212 N.C. 627, 194 S.E. 89.

If claimant's injury did not arise out of and in the course of his employment, it is not compensable. *Lewter v. Abercrombie Enterprises, Inc., supra; Berry v. Furniture Co.,* 232 N.C. 303, 60 S.E. 2d 97. Both are necessary to justify an award. *Bell v. Dewey Brothers, Inc.,* 236 N.C. 280, 72 S.E. 2d 680; *Withers v. Black,* 230 N.C. 428, 53 S.E. 2d 668.

We said in *Bell v. Dewey Brothers, Inc., supra:* " 'Arising out of' means arising out of the work the employee is to do, or out of the service he is to perform. The risk must be incidental to the employment. *Hunt v. State,* 201 N.C. 707, 161 S.E. 203; *Berry v. Furniture Co.,* 232 N.C. 303, 60 S.E. 2d 97."

Whether an accident arose out of the employment is a mixed question of law and fact. *Matthews v. Carolina Standard Corp., supra; Plemmons v. White's Service, Inc.,* 213 N.C. 148, 195 S.E. 370.

The Commission found that claimant "walked about 25 steps away from the chute and the crusher, and sat down on a wall . . .; that he sat down on the wall to rest a moment, and to see if the machinery started off all right, intending thereafter, when his services to the company had ended, and there was a lull which would not interfere with the work, to speak to John Moody about the $10.00; that John Moody went to the switchboard and started the machinery, and plaintiff was watching the belts to see that they were running . . .; that the machinery started and at that moment plaintiff experienced a sensation of 'turning blind' which is his last remembrance . . ." The Commission further found that at the time claimant "fell from the wall, he was still acting in his capacity

as foreman, . . ., was rendering services to his employer in that capacity. . . ."

In our opinion, the evidence, most favorably considered for claimant, does not support such findings. Claimant returned to the plant twice on the evening he was injured, on personal business, to collect from Moody $10.00 Moody owed him. Claimant testified: "We started working and after we got it unstopped, I went over to a shed and sat down on a wall over there. Up until that time, when I went over and sat down, I had not said anything to Moody about the money he owed me. We were busy fixing to start back up, and I hadn't mentioned it. I was waiting until he had a lull to speak to him about the money, waiting until he had a chance. You can feed the crusher a little faster than it will grind. I was waiting until we got it running, and he could stop and I could see him about it. Well, I sat down there. I was going to see him about the money, yes, but I wanted him to get everything running before I started talking to him. I wasn't going to interfere on company time. As soon as he got over his activity there and had a lull and it wouldn't interfere with his work, I was going to ask him about the money." Claimant further testified: "I was watching the belts to see that the belts was running. See, each belt was starting and I was watching them, and I come out and in a minute or two, not over two minutes I wouldn't think, and he got up on the pay-loader there and started to feed the thing after everything had started up and that's the last I knowed. It couldn't have been over two or three minutes between the time that I got down off the chute until I fell off the wall."

Moody, plaintiff's witness, testified after the chute was unchoked, he and claimant stood around a few minutes talking, and saw the material was coming through all right. Claimant then walked to the wall, and sat down. Moody had been at work half an hour when he heard claimant yell; he turned, and saw claimant going over the wall backward. During this 30 minutes claimant did no work whatsoever.

The other witnesses shed no light on these facts. Incidentally, the evidence shows claimant worked at the chute around 20 minutes or a little over, according to his testimony; 20 to 30 minutes, according to Moody, though the Commission found claimant worked 30 to 40 minutes.

It is true the accident took place on defendant's premises. It is equally true claimant returned to the premises after his day's work was over on his personal business to collect $10.00 John Moody owed him; that the chute was unchoked and the machinery was working; and that claimant was sitting on the wall so that, in his words, as soon as John Moody "got over his activity there and had a lull, and it wouldn't interfere with his work, I was going to ask him about the money." Whether he had been sitting on the wall 2 or 3 minutes or 30 minutes before his fall is imma-

terial. It would seem that the injury could not be held an accident result-ing from a risk incident to his employment. There appears no causal relationship between his employment as foreman and the injury he received. *Bell v. Dewey Brothers, Inc., supra; Matthews v. Carolina Standard Corp., supra; Beavers v. Power Co.,* 205 N.C. 34, 169 S.E. 825.

It can hardly be said that claimant's injury arose "out of and in the course of his employment," both of which are necessary to justify an award under the Workmen's Compensation Act. *Beavers v. Power Co., supra; Hunt v. State, supra.*

In the light of the undisputed evidence, we are constrained to hold that claimant was not injured by accident arising out of and in the course of his employment.

Reversed.