WILLIAM M. COLE, EXECUTOR OF THE ESTATE OF ELIZABETH M. COLE, WILLIAM M. COLE, INDIVIDUALLY, AND CLARENCE E. COLE, MAE COLE LONG, JACK B. COLE, AND EDNA COLE BRASHER, NEXT OF KIN OF ELIZABETH M. COLE, DECEASED v. GUILFORD COUNTY AND HARTFORD ACCIDENT & INDEMNITY COMPANY.

(Filed 14 June 1963.)

**1. Master and Servant § 53—**

The death of an employee is compensable under the Workmen's Compensation Act only if it results from an injury from an accident arising out of and in the course of the employment. G.S. 97-2(6).

**2. Master and Servant § 54—**

Whether an accident arises out of the employment is a mixed question of law and fact, and the finding of the Industrial Commission in regard thereto is conclusive if supported by any competent evidence.

**3. Same—**

The words "out of" refer to the origin or cause of the accident and the words "in the course of" to the time, place, and circumstances under which the accident occurred, and in order for an accident to arise out of the employment there must be some causal connection between the injury and the employment so that it can be traced to the employment as a contributing proximate cause, while if the injury arises from a hazard to which the employee would have been equally exposed apart from the employment, it does not arise out of the employment, and the fact that the accident occurs on the employer's premises is immaterial.

**4. Same—**

The evidence disclosed that deceased, a seventy-four year old woman, fell on the cement porch while she was leaving the building and that the fall occurred solely because her leg gave way because of physical infirmity. *Held:* The fall was caused by an idiopathic condition unconnected with the employment and is not compensable. Whether a juror is an "employee" of the county, quaere?

APPEAL by defendants from *Armstrong, J.,* November 19, 1962 Civil Term of GUILFORD (Greensboro Division).

Proceeding under the Workmen's Compensation Act to determine the liability of defendants for compensation to the next of kin of Elizabeth M. Cole, deceased.

At the September 5, 1960 Civil Term of the Superior Court of Guilford County at Greensboro, Mrs. Elizabeth M. Cole, the decedent, was serving as a regular juror. On September 7, 1960 she was a member of the jury which was trying a case. Mrs. Cole was seventy-four years old. At 12:30 p.m. the court took its luncheon recess and the jurors were dismissed until 2:00 p.m. when the trial was scheduled to resume. During the recess the jurors were "at will to go where they wanted to go." Mrs. Cole left the courtroom on the second floor with two other ladies. They walked down the stairs to the first floor preparatory to leaving the building by the north entrance fronting on Market Street. She descended the three steps which led from the vestibule on the first floor to the three sets of entrance doors. Between these steps and the doors is a level floor about six feet wide. Each entrance is composed of two doors with a level space four feet wide between them. The doors open on a landing approximately five feet wide from which stone steps lead down to the front walk which connects with the street.

Mrs. Cole fell on the porch. Her account of the fall is as follows:

"The first set of doors are light and the second set is heavy. After the second set of doors there is a large cement porch before the steps start. I went out the first set of doors after the judge dismissed us and I went out of the second set of doors. Someone behind me was holding the second heavy door open. When I went through the door and was on the described porch I fell down. There was no foreign matter on the porch nor did the door hit me. My leg just gave way and I fell. I was not pushed but I simply fell and I broke my hip in the fall. I did not see any defects on the porch nor were there any defects near the door. I had my leg to give way. That was the first time that my leg had given away."

In the fall Mrs. Cole suffered an intertrocanteric fracture of the hip. She was taken to the hospital where, under a general anesthetic, an operation was performed and a steel pin put in the bones. Her recovery was satisfactory until September 18, 1960 when she died suddenly from a pulmonary embolism which, in the opinion of the medical experts, resulted from the fracture.

Mrs. Cole was survived by five adult children, none of whom were dependent upon her. They filed a claim against Guilford County and its workmen's compensation insurance carrier for compensation for her death. On October 18, 1961, upon the above facts which are not in dispute, the hearing commissioner found that Mrs. Cole was injured by an accident arising out of and in the course of her employment by Guilford County from which her death resulted. He awarded compensation based on evidence that the average civil juror sits four days a week at six dollars a day. Defendants appealed to the full commission assigning as error the findings and conclusions (1) that Mrs. Cole was employed by Guilford County and (2) that she suffered an injury by accident arising out of and in the course of her employment. On appeal, both the full commission and the Superior Court affirmed the award. Defendants now appeal to this Court assigning the same errors.

*Falk, Carruthers & Roth for plaintiff appellees.*
*Adams, Kleemeier, Hagan & Hannah for defendant appellants.*

SHARP, J. Under the Workmen's Compensation Act a compensable death is one which results to an employee from an injury by accident arising out of and in the course of his employment. G.S. 97-2(6); *Slade v. Hosiery Mills*, 209 N.C. 823, 184 S.E. 844; *Plemmons v. White's Service*, 213 N.C. 148, 195 S.E. 370.

In our view of this case, it is not necessary to decide the interesting question whether a juror serving during a term of the Superior Court is an employee of the county. Assuming *arguendo* that Mrs. Cole was such an employee, we are confronted by the query, did the fall which caused her death arise out of her service as a juror?

Whether an accident arises out of the employment is a mixed question of fact and law, and the finding of the Commission is conclusive if supported by any competent evidence; otherwise, not. *Slade v. Hosiery Mills, supra; Lockey v. Cohen, Goldman & Co.*, 213 N.C. 356, 196 S.E. 342. The words "out of," refer to the origin or cause of the accident and the words "in the course of," to the time, place and circumstances under which it occurred. *Plemmons v. White's Service, supra.* For an accident to arise out of the employment there must be

some causal connection between the injury and the employment. When an injury cannot fairly be traced to the employment as a contributing proximate cause, or if it comes from a hazard to which the employee would have been equally exposed apart from the employment, or from the hazard common to others, it does not arise out of the employment. *Lewter v. Enterprises, Inc.*, 240 N.C. 399, 82 S.E. 2d 410. In such a situation the fact that the injury occurred on the employer's premises is immaterial. *Poteete v. Pyrophyllite*, 240 N.C. 561, 82 S.E. 2d 693.

A fall itself is usually regarded as an accident. In *Robbins v. Hosiery Mills*, 220 N.C. 246, 17 S.E. 2d 20, the claimant, a topper in a hosiery mill, reached up toward a rack to get work to put on her machine. For some undisclosed reason she lost her balance and fell. In sustaining the award of compensation for the injury suffered in the fall, Barnhill, J., (later C.J.) said:

"The decisions in somewhat similar cases may be divided into two distinct groups. . .

"The logic of these decisions is this: where the employee, while about his work, suffers an injury in the ordinary course of the employment, the cause of which is unexplained but which is a natural and probable result of a risk thereof, and the Commission finds from all the attendant facts and circumstances that the injury arose out of the employment, an award will be sustained. If, however, the cause is known and is independent of, unrelated to, and apart from the employment — the result of a hazard to which others are equally exposed — compensation will not be allowed. Herein lies the distinction which is bottomed upon the rule of liberal construction."

In *DeVine v. Steel Co.*, 227 N.C. 684, 44 S.E. 2d 77, the cause of claimant's fall at the base of a flag pole was unexplained and recovery was allowed even though it was known that he was subject to mild epileptic seizures. However, in the instant case, the cause of Mrs. Cole's unfortunate fall is known — her leg simply gave way because of a physical infirmity, the nature of which we do not know. The fact that she was serving on the jury at the time had nothing to do with either the fall or its consequences. She did not fall out of an elevated jury box or tip over in a juror's chair. Jury service did not increase the danger of injury from the fall she sustained. There is nothing to suggest that she would not have fallen had she been leaving the court-

house after having listed her taxes or having attended to any other business there.

Mrs. Cole's fall was idiopathic — that is, one due to the mental or physical condition of the particular employee. 99 C.J.S., Workmen's Compensation, § 257(1). The liability of an employer for such injuries was considered by this Court in *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173. In that case an employee subject to epileptic seizures, while driving his employer's truck, felt one approaching. He stopped the truck, opened the door, and laid down in the seat with his feet hanging out. During the seizure he fell and was injured. In reversing the Commission's award of compensation, this Court held that the seizure was the sole cause of the injury which was unrelated to the employment. The Court said:

> "(T)he better considered decisions adhere to the rule that where the accident and resultant injury arise out of both the idiopathic condition of the workman and hazards incident to the employment, the employer is liable. *But not so where the idiopathic condition is the sole cause of the injury.*" (Italics ours)

The opinion in *Vause* referred to 5 Schneider's Workmen's Compensation Text (Permanent Ed.), § 1376, where the author states: "(T)he question that usually determines whether the injury is compensable is, did the employee's working conditions contribute to the fall and consequent injury or was the accident solely due to the employee's idiopathic condition which might have caused him to fall in his home with the same injurious results? If it is the latter the employer is not liable, if the former he is liable." Quite clearly Mrs. Cole's fall was in the latter category. The claimant's fall in *Rewis v. Insurance Co.*, 226 N.C. 325, 38 S.E. 2d 97, and in *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 117 S.E. 2d 476, were in the former. See 40 N.C. Law Rev. 488.

The judgment of the lower court is
Reversed.