JOE WORLEY GRIFFEY, JR., EMPLOYEE, PLAINTIFF v. TOWN OF HOT SPRINGS, EMPLOYER, AND NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8710IC203

(Filed 6 October 1987)

**Master and Servant § 91— filing of claim — conclusion of Commission that filing not timely — no prejudice**

Although the opinion of the Chief Deputy Commissioner, adopted by the full Industrial Commission, that plaintiff's workers' compensation claim was not timely filed and that he was injured in May 1981 rather than in March 1982 was manifestly erroneous, there was no prejudice because there was evidence to support the finding that plaintiff failed to prove that he was injured while making an arrest in March 1982 in that the person arrested testified that the violent incident described never happened and that plaintiff later told her he injured his back in falling from a tractor.

APPEAL by plaintiff from the Opinion and Award of the North Carolina Industrial Commission filed 27 August 1986. Heard in the Court of Appeals 25 September 1987.

*Shuford, Best, Rowe & Brondyke, by James Gary Rowe, for plaintiff appellant.*

*Morris, Golding, Phillips & Cloninger, by John C. Cloninger, for defendant appellees.*

PHILLIPS, Judge.

Plaintiff's appeal is from an Opinion and Award of the North Carolina Industrial Commission denying his claim for benefits under the Workers' Compensation Act. The appeal has no merit and we affirm the Commission's decision. The pertinent facts follow:

On or about 28 December 1983 plaintiff appellant, a police officer employed by the defendant Town, filed a claim for workers' compensation benefits alleging that he was injured in the town on 21 March 1982 while struggling with "a suspect," who he arrested for being drunk and disruptive. His later testimony established that the suspect was Brenda Sue Goforth Ricker. After hearing the evidence in the case Chief Deputy Commissioner McCrodden filed an Opinion and Award dismissing the claim on the ground that it was not filed within two years of the injury by accident, as required by G.S. 97-24. This conclusion was based upon a finding that plaintiff fell and injured his back while attempting to arrest Brenda Ricker in May 1981, rather than in March 1982, as plaintiff claimed. Upon appeal the Full Commission, after receiving additional evidence and adding a finding of fact that "[p]laintiff failed to prove that he sustained any injuries making an arrest in March 1982," adopted and affirmed the Opinion and Award of the Chief Deputy Commissioner.

First, we note that the conclusion of the Chief Deputy Commissioner, adopted by the Full Commission, that plaintiff's claim was not timely filed, is manifestly erroneous. For plaintiff does not claim that he was injured in May 1981, and he disputes the Commission's finding to the contrary; his claim, the claim upon which the case is based and which his testimony tends to support, is that he was injured in March 1982 while arresting Brenda Sue

Goforth Ricker and it was filed well within the authorized two-year period. Even so, this error is harmless. For the Full Commission had the authority to make additional findings of fact, *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E. 2d 577 (1976), and the fact found, that plaintiff had failed to prove that he was injured while making an arrest in March 1982, is supported by competent evidence, *Cole v. Guilford County*, 259 N.C. 724, 131 S.E. 2d 308 (1963), and thus leaves plaintiff's case without a foundation. A recital of plaintiff's evidence on this point is unnecessary, since the additional fact found is amply supported by Brenda Ricker's testimony that the violent incident plaintiff described never happened and that he later told her he injured his back in falling from a tractor. In not accepting plaintiff's contrary version of the event involved the Commission but exercised its prerogative under the law to determine the credibility and weight of the evidence presented. *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175 (1960).

Affirmed.

Judges COZORT and GREENE concur.