EMILY COLEMAN TAYLOR AND MARY MOODY COLEMAN, SISTERS; NETTIE COLEMAN, WIDOW OF ANDREW COLEMAN, DECEASED, EMPLOYEE, v. TWIN CITY CLUB, EMPLOYER; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, CARRIER.

(Filed 6 November 1963.)

1. **Appeal and Error § 38—**

An assignment of error not brought forward and discussed in the brief will be deemed abandoned. Rule of Practice in the Supreme Court No. 28.

2. **Master and Servant § 53—**

A claimant under the Workmen's Compensation Act has the burden of showing injury from an accident which arose out of and in the course of the employment. G.S. 97-2(6).

3. **Same—**

A fall is in itself an unusual and unforeseen occurrence which is an accident within the purview of the Compensation Act, and it is not essential that there be evidence of any unusual or untoward occurrence causing a fall.

4. **Same—**

An accident occurs in the course of the employment if it occurs during the time and at the place the employee is required to be at work and if he is engaged in the performance of his duties or in activities incidental thereto.

5. **Same—**

"Arising out of" as used in the Compensation Act relates to the origin or cause of the accident, and the accident arises out of the employment if there is some causal relation between the accident and the performance of some service of the employment, so that it may be seen that the accident had its origin in the employment.

6. **Master and Servant § 64—**

Where there is evidence that the injured employee died from angina and also evidence that he died from loss of blood resulting from an accidental injury to his head, the finding of the Industrial Commission that the death resulted from the accident, being supported by evidence, is binding on the court.

7. **Master and Servant § 93—**

A finding of the Industrial Commission is conclusive on the courts if there is evidence to support it, notwithstanding there may also be evidence which would support a contrary finding.

**8. Master and Servant § 53—**

　　Where there is evidence that the employee died as a result of loss of blood from a head injury received in a fall occurring while he was at the place he was required to be in his employment and while engaged in the performance of his duties or in activities incidental thereto, without any evidence as to the immediate cause of the fall, such evidence permits the inference that the fall had its origin in the employment and is sufficient to support a finding of the Industrial Commission that the fall arose out of the employment.

　　APPEAL by defendants from *Copeland, S.J.,* June 17, 1963, Session of FORSYTH.

　　This is a proceeding under the Workmen's Compensation Act.

　　A claim for compensation was filed by the sisters of Andrew Coleman who died 21 December 1959. On said date and for several months prior thereto deceased was employed as a waiter by Twin City Club, Inc. The business area of the Club consisted of a dining room, kitchen and reading room.

　　After hearing, Deputy Commissioner Shuford found the following pertinent facts:

　　"1.　On 21 December 1959 the deceased employee fell at a doorway in defendant employer's establishment. Such doorway led into the kitchen at the establishment, and was in the immediate area that deceased performed his work for defendant employer. When he so fell in the doorway deceased struck his head upon a sharp edge of a door, which caused a deep, long laceration extending from above one of deceased's eyes to the top of his head. A portion of the skin on deceased's head was also peeled back from the scalp. Such laceration was approximately seven inches long and went to the bone. The peeled back portion of skin was approximately the size of a hand.

　　"2.　Deceased sustained, as described above, an injury by accident arising out of and in the course of his employment with defendant employer.

　　"3.　Deceased was rendered unconscious by the accident and he lay face down on the floor at defendant employer's establishment, while an ambulance was called. Deceased bled profusely and by the time assistance arrived to carry deceased to a hospital, a pool of blood approximately forty inches in diameter had formed around deceased's head.

　　"4.　Upon being carried to the Kate Bitting Reynolds Memorial Hospital, deceased was seen in the emergency room by Dr. Charles

L. Curry. Such doctor pronounced deceased dead. The doctor examined deceased and was of the opinion that the cause of death was deceased's bleeding to death, secondary to the scalp laceration. Deceased's body was thereafter seen by Dr. D. C. Speas, Coroner of Forsyth County. Dr. Speas first expressed the opinion that deceased had died by accidental injury and told Charles H. Pace, Detective Sergeant of the Winston-Salem Police Department to investigate the matter. Dr. Speas thereafter expressed the opinion that the cause of death was 'angina.'

"5. Deceased died as a direct result of the injury by accident giving rise hereto."

There was an award of compensation. Upon review, the Full Commission adopted as its own the Deputy Commissioner's findings of fact, opinion and award. The superior court affirmed. Defendants appeal.

*W. Scott Buck for plaintiffs.*

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson for defendants.*

MOORE, J. Defendants make two assignments of error. The first is not brought forward and discussed in the brief, and it is therefore deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 810; *Power Co. v. Currie, Commissioner of Revenue*, 254 N.C. 17, 118 S.E. 2d 155. The second assignment of error presents only the question whether the facts found by the Commissioner are sufficient to support the award of compensation. *Glace v. Throwing Co.*, 239 N.C. 668, 80 S.E. 2d 759; *Worsley v. Rendering Co.*, 239 N.C. 547, 80 S.E. 2d 467.

To be compensable under the Workmen's Compensation Act an injury must result from an accident arising out of and in the course of the employment. G.S. 97-2(6). Claimant has the burden of showing such injury. *Henry v. Leather Co.*, 231 N.C. 477, 479, 57 S.E. 2d 760.

The deceased employee was injured by accident. To prove an accident in industrial injury cases it is not essential that there be evidence of any unusual or untoward condition or occurrence causing a fall which produces injury. The fall itself is the unusual, unforeseen occurrence which is the accident. *Robbins v. Hosiery Mills*, 220 N.C. 246, 17 S.E. 2d 20. A fall is usually regarded as an accident. *Cole v. Guilford County*, 259 N.C. 724, 727, 131 S.E. 2d 308.

The accident occurred in the course of the employment. "In the course of" employment refers to the time, place and circumstances

under which the injurious accident occurred. Deceased was on the premises of his employer where the duties of his employment required him to be; the accident occurred during his working hours; he was engaged in the performance of his duties or in activities incidental thereto. *DeVine v. Steel Co.*, 227 N.C. 684, 44 S.E. 2d 77; *Brown v. Aluminum Co.*, 224 N.C. 766, 32 S.E. 2d 320; *Conrad v. Foundry Co.*, 198 N.C. 723, 153 S.E. 266.

Defendants contend that there is no showing that the accident arose out of the employment. "Arising out of" employment relates to the origin or cause of the accident. *Lockey v. Cohen, Goldman & Co.*, 213 N.C. 356, 196 S.E. 342. Defendants insist that the cause of the fall was idiopathic, that the death of deceased was caused by "angina" and was not connected with the employment. There was competent evidence that the cause of death was "angina"; there was also competent evidence that death was caused by accidental injury, that it resulted from hemorrhage "secondary to the scalp laceration." The Industrial Commission accepted the latter theory and found as a fact that "deceased died as a direct result of the injury by accident giving rise hereto." Where the evidence before the Commission is such as to permit either one of two contrary findings, the determination of the Commission is conclusive on appeal to superior court and in this Court. *DeVine v. Steel Co., supra; Rewis v. Insurance Co.*, 226 N.C. 325, 38 S.E. 2d 97. The findings of the Commission as to the cause of death takes the instant case out of that category of cases in which the cause of injury is idiopathic, or partially so. For cases falling within such category see: *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 117 S.E. 2d 476; *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173; *Rewis v. Insurance Co., supra*. In the instant case the immediate cause of the accident is unknown or undisclosed.

An injury is said to arise out of the employment when it occurs in the course of the employment and is a natural and probable consequence or incident of it, so that there is some causal relation between the accident and the performance of some service of the employment. *Vause v. Equipment Co., supra*. An injury arises out of the employment when it comes from the work the employee is to do, or out of the service he is to perform, or as a natural result of one of the risks of the employment; the injury must spring from the employment or have its origin therein. *Bolling v. Belk-White Co.*, 228 N.C. 749, 46 S.E. 2d 838. There must be some causal relation between the employment and the injury; but if the injury is one which, after the event, may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected. Compensability is

not dependent upon negligence or fault of the employer. *Conrad v. Foundry Co., supra.* On the other hand, workmen's compensation is not equivalent to general health and accident insurance. *Vause v. Equipment Co., supra.*

If a fall and the resultant injury arise solely from an idiopathic cause, or a cause independent of the employment, the injury is not compensable. *Vause v. Equipment Co., supra.* But the effects of a fall are compensable if the fall results from an idiopathic cause and the employment has placed the employee in a position which increases the dangerous effects of the fall. *Allred v. Allred Gardner, Inc., supra; Rewis v. Insurance Co., supra.*

In the instant case the immediate cause of the fall is unknown. We have held that where an employee, while about his work, suffers an injury in the ordinary course of his employment, the cause of which is not explained, but which is a natural and probable result of a risk thereof, and the Commission finds from all of the attendant facts and circumstances that the injury arose out of the employment, an award will be sustained. *Robbins v. Hosiery Mills, supra.* In the *Robbins* case the employee, while reaching up to take some objects from a rack in the course of her employment, lost her balance and fell for some undisclosed reason. There was no evidence tending to show that the fall was caused by a hazard to which the employee was exposed apart from the employment. An award of compensation was upheld. Larson, commenting on the *Robbins* decision, says: ". . . (T)he North Carolina Supreme Court in effect said that when an accident occurred in the course of employment, and there is no affirmative evidence that it arose from a cause independent of the employment, an award would be sustained." Larson's Workmen's Compensation Law, Vol. 1, s. 10.31, p. 99. There is no material difference between the *Robbins* case and the one at bar. See also: *DeVine v. Steel Co., supra; Morgan v. Cloth Mills,* 207 N.C. 317, 177 S.E. 165. ". . . (M)ost courts confronted with the unexplained-fall problem have seen fit to award compensation." 1 Larson, s. 10.31, p. 97. "There is surprisingly little contra authority." *Ibid,* p. 100.

This rule in unexplained-fall cases, which is applied in North Carolina and in most jurisdictions, was first declared in an English case —*Upton v. Great Central Railway Company* (1924) A.C. 302 (H.L.). In that case an employee fell on a railway platform in the course of a business errand. The platform was not slippery or defective in any way; the cause of the fall was completely unknown. Lord Atkinson said: "Having been done in the course of the employment of deceased, and the accident having been caused by the doing of it even incau-

tiously, it must, I think, be held that the accident arose out of the employment of the deceased." The decision of the House of Lords was unanimous.

It has been suggested that this result in unexplained-fall cases relieves claimants of the burden of proving causation. We do not agree. The facts found by the Commission in the instant case permit the inference that the fall had its origin in the employment. There is no finding that any force or condition independent of the employment caused or contributed to the accident. The facts found indicate that, at the time of the accident, the employee was within his orbit of duty on the business premises of the employer, he was engaged in the duties of his employment or some activity incident thereto, he was exposed to the risks inherent in his work environment and related to his employment, and the only active force involved was the employee's exertions in the performance of his duties.

The judgment below is
Affirmed.