ELSIE JONES, MOTHER; MORRIS JONES, SR., FATHER; SHIRLEY JEAN JONES, SISTER; RUBY KATHLEEN JONES, WIDOW; AND JENNY SUTTON SANCHEZ, FRIEND OF MORRIS JONES, JR., DECEASED, EMPLOYEE, PLAINTIFFS v. SERVICE ROOFING & SHEET METAL COMPANY, EMPLOYER, U. S. FIDELITY & GUARANTY COMPANY, CARRIER, DEFENDANTS

No. 8210IC930

(Filed 6 September 1983)

**Master and Servant § 79— workers' compensation—husband and wife living apart—finding of desertion by wife supported by evidence**

　　In a workers' compensation proceeding where the Full Commission found opposite to the Hearing Commissioner that decedent's wife deserted him rather than that the decedent had deserted his wife, the Commission's findings of fact were supported by competent evidence and pursuant to G.S. 97-86 were conclusive on appeal as were the conclusions that the decedent's parents were partially dependent upon him and entitled to all the available compensation.

APPEAL by plaintiff Ruby K. Jones from the Full Industrial Commission. Opinion and Award filed 26 April 1982. Heard in the Court of Appeals 9 June 1983.

The plaintiffs all claimed benefits under the Workers' Compensation Act for the death of Morris Jones, Jr. The appellant, Ruby K. Jones, and the decedent were married in 1973, lived together for several years in Christiansburg, Virginia, and were still married April 24, 1980, when he was killed while doing con-

struction work in North Carolina. They had no children. Shirley Jones was the decedent's sister; Morris Jones, Sr. and Elsie Jones his parents; Jenny Sutton Sanchez was living with decedent in Ayden, North Carolina when he was killed and planned to marry him after he divorced Ruby Jones and she divorced her husband.

The construction job that decedent had with Tri-State Roofing Company of Charleston, West Virginia, required him to be away from Christiansburg a great deal. Before 1978, when decedent was away on jobs in Virginia and West Virginia, he usually went home on weekends. Ruby K. Jones had a regular job during most of their life together and except for occasional visits did not accompany her husband to the different places that his work took him. Around April, 1978, his employer sent him to Greenville, North Carolina as foreman of a large job being done there. For awhile, he went home every weekend and on one occasion Ruby Jones visited him in Greenville for several days; after a few months, however, his visits home became less frequent. The evidence is sharply conflicting as to the state of their relations and the reasons therefor during the last year or so before his death. The other family members, who live in Virginia, and Jenny Sutton Sanchez, who was living near Greenville in Ayden, testified that he severed all relations with Ruby Jones before April, 1979, when he began living with Jenny Sutton Sanchez. The parents and sister also testified that before separating himself from Ruby Jones he repeatedly asked her to move to Greenville and live with him there, but she refused. Ruby Jones testified that she never refused to move to Greenville, but was willing to go there if and when he got a place for them to live in, which he never did; she also testified that he said nothing to her about divorcing her before suit was filed March 17, 1980, alleging that they separated December 29, 1978. Ruby Jones wrote the decedent's lawyer a letter April 15, 1980, asserting that they last lived together in July, 1979, and that she would contest the divorce. The action was still pending when he was killed April 24, 1980.

Deputy Commissioner Rush found that Ruby K. Jones was not living with decedent at the time of his death because he had deserted her, and awarded the death benefits to her as the decedent's widow under the provisions of G.S. 97-2(14). It was also found and concluded that decedent's parents and sister were not

wholly dependent on him and that Jenny Sutton Sanchez's affair with him gave her no rights under the Act.

On appeal, the Full Commission found and concluded that Ruby Jones deserted the decedent by refusing to accompany him to North Carolina, as he requested, that his parents were partially dependent on him, and awarded the death benefits to them.

*Owens & Rouse, by Robert D. Rouse, III, for plaintiff appellant Ruby K. Jones.*

*Taft, Taft & Haigler, by Thomas F. Taft and Kenneth E. Haigler, for plaintiff appellees Elsie Jones and Morris Jones, Sr.*

PHILLIPS, Judge.

Why did Ruby K. Jones and her husband, Morris Jones, Jr., not live together during the several months immediately preceding his death? That is the question upon which the resolution of this appeal depends. If this proceeding was at common law, the question would not be material, since the evidence clearly establishes that they were still legally married at his death, and she is thus his widow. But the law of widows under the Workers' Compensation Act is different, though a widow who meets the statutory standard is presumed to have been wholly dependent upon her deceased husband and has first priority to any death benefits due. G.S. 97-38, 39.

To qualify as the "widow" under our Workers' Compensation law, being the surviving wife is not enough; if not living with her husband at the time of his death, it must be for "justifiable cause or by reason of his desertion at such time." G.S. 97-2(14). The competent evidence of record on this point is directly in conflict; part indicates that they did not live together because he became interested in, began living with, and planned to marry another woman; the other part indicates that they did not live together because Ruby Jones refused to accompany him to Greenville as he requested. The evidence is sufficient to support a finding to either effect.

The Hearing Commissioner, with the advantage of seeing the witnesses in person, found in favor of the surviving wife; the Full Commission found against her. Though we cannot discern from the record why the Full Commission found credible testimony

that the Hearing Commissioner did not and vice versa, the law does not require us to. Since the Commission's findings of fact are abundantly supported by competent evidence, they are conclusive with us, G.S. 97-86, and our review is limited to determining whether the facts so found support the conclusions and decision that were made. *Hansel v. Sherman Textiles,* 304 N.C. 44, 283 S.E. 2d 101 (1981).

Findings that Ruby K. Jones refused to join her husband in Greenville, though he repeatedly asked her to, because she preferred living in Virginia and did not want to leave her job there, is basis enough for the conclusion that her living apart from her husband was without justifiable cause.

The Commission's conclusions that the decedent's parents were partially dependent upon him and therefore entitled to all the available compensation are likewise supported by the findings and competent evidence that the decedent had regularly sent them small sums, neither was employed, and their only other income was a monthly Social Security check in the amount of $313.

The decision appealed from is therefore

Affirmed.

Judges HEDRICK and WELLS concur.