JOE T. LANGLEY, BRENDA O. LANGLEY AND SUSAN A. LANGLEY, A MINOR, BY HER GUARDIAN AD LITEM, JOE T. LANGLEY v. NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY

No. 8610IC528

(Filed 18 November 1986)

Automobiles §§ 57.1, 72; State § 8.1— rear end collision with State Trooper—sudden emergency—no recovery under State Tort Claims Act

In an action under the State Tort Claims Act to recover personal injuries sustained by plaintiffs when their car was struck from behind by a highway patrol car, the Industrial Commission properly held that the driver of the patrol car was not negligent and that the sole proximate cause of plaintiffs' damages was the negligence of their driver where the evidence tended to show that plaintiffs were travelling on the servient highway and the trooper on the dominant highway; the undisputed location of the collision was just 30 feet after the front end of plaintiffs' vehicle entered the path of defendant's oncoming vehicle; and the trooper was thus presented with a sudden emergency and acted reasonably under the circumstances in trying to avoid it by veering his car to the left.

APPEAL by plaintiffs from the decision and award of the North Carolina Industrial Commission filed 10 January 1986. Heard in the Court of Appeals 21 October 1986.

*Young, Moore, Henderson & Alvis, by John A. Michaels, for plaintiff appellants.*

*Attorney General Thornburg, by Assistant Attorney General George W. Lennon, for defendant appellee.*

PHILLIPS, Judge.

These personal injury claims were filed under the State Tort Claims Act, G.S. 143-291, *et seq.* Plaintiffs were passengers in an automobile that was struck from behind by a State Highway Patrol car driven by Trooper Billy Carr Jones and they allege that his negligence caused the collision and their resulting damages. After hearing the evidence of the parties Deputy Commissioner Sellers entered decision for the defendant based upon findings of fact and conclusions of law that Trooper Jones was not negligent, and that the sole proximate cause of plaintiffs' damages was the negligence of their driver. Upon appeal the decision was affirmed by the Full Commission. We also affirm.

By seven different assignments of error plaintiffs contend that the essential findings of fact upon which the decision rests are not supported by competent evidence, and that the findings do not support the conclusions of law drawn therefrom. In arguing these contentions they stress bits and pieces of the evidence that are favorable to them and fail to fully take into account evidence favorable to the defendant. All the arguments are answered by the other evidence presented, which tends to show, as the Commission found and concluded, that plaintiffs' driver negligently caused the collision with no help from defendant's driver. The evidence which supports the Commission's findings of fact and make them conclusive, *Jones v. Service Roofing & Sheet Metal Co.*, 63 N.C. App. 772, 306 S.E. 2d 460 (1983), was to the following effect: The accident happened about 5 o'clock on the morning of 6 June 1981 at the intersection of U.S. Highway 17 and N.C. Highway 211 in Brunswick County. *At that particular place*, though not generally, Highway 17 runs east and west and has two lanes and Highway 211 runs north and south. For the last hundred feet or so before reaching the intersection Highway 211 has two branches for southbound traffic, the left branch for vehicles crossing U.S. 17, the right for vehicles turning right onto the westbound lane of Highway 17. Highway 17 is the dominant

highway and stop signs face vehicles traveling on both branches of Highway 211. Immediately before the accident developed Trooper Jones' patrol car was traveling in the westbound lane of Highway 17 toward the intersection; the car in which plaintiffs rode was situated on the right branch of Highway 211 preparatory to entering the westbound lane of Highway 17; a pick-up truck towing a boat and trailer was stopped on the shoulder of the left branch of Highway 211 just short of the intersection. It was dark, all the vehicles had their headlights on and the approaching patrol car could be seen 1,000 feet from the intersection. When the patrol car came into view of the intersection it was traveling at the lawful speed of 55 miles per hour or less and as it traveled along Trooper Jones took his foot off the accelerator when he saw the pick-up truck and boat stopped adjacent to the branch of Highway 211 for straight ahead traffic, but when he got close enough to see that some men were around the truck and boat and that it was not about to enter the highway, he resumed his speed as before. He did not then see plaintiffs' car because the truck and boat on the other branch of Highway 211 blocked his view and he first saw plaintiffs' car when it suddenly pulled onto the west lane of Highway 17 directly ahead of him going between 3 and 5 miles an hour. The patrol car was then only 30 feet or so away from plaintiffs' vehicle and the only thing that Trooper Jones had time to do in an effort to avoid a collision was to try and veer the car to the left; but before the car could be veered into the other lane its right front struck the left rear end of plaintiffs' car. From the time the front of plaintiffs' car first encroached on Highway 17 it traveled but 30 feet in the westbound lane before it was hit. The weather was clear, the roads were dry, and the driver of plaintiffs' vehicle was heard to say that he did not stop before entering Highway 17 and did not see the patrol car before the collision.

Obviously, the foregoing evidence tends to show, as the Commission found and concluded, that the unexpected driving of plaintiffs' car into the path of the oncoming patrol car confronted Trooper Jones with a sudden emergency and that he acted reasonably under the circumstances in trying to avoid it. Since the weight and credibility of conflicting evidence is for the Commission to determine, not us, *Taylor v. Twin City Club*, 260 N.C. 435, 132 S.E. 2d 865 (1963), that evidence was also presented tending

to show that the patrol car was speeding and that the trooper was inattentive undermines the decision made not a whit.

Of the several other contentions that plaintiffs make, none of which have merit, we mention only one: that testimony from an engineer as to the *angle* of the collision between the two vehicles was improperly received. This contention, as the others made, is unavailing, because even if the evidence was inadmissible, and we do not hold that it was, it was harmless. This is because the *angle* of the collision between the two cars was not a decisive or even a material factor in the case; the decisive factor in the case was the undisputed *location* of the collision—just 30 feet after the front end of plaintiffs' vehicle entered the path of defendant's oncoming vehicle—which certainly warranted, if not required, the Commission finding that the negligence of plaintiffs' driver was the sole proximate cause of the collision.

Affirmed.

Judges WEBB and JOHNSON concur.