Following waiver of oral argument by the parties, the Full Commission proceeded to review the award of the Deputy Commissioner upon the record of proceedings before him and with reference to the errors alleged. After careful consideration, the Full Commission has determined that the defendant has not shown good grounds to amend the award. Therefore, the April 28, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, with the defendant employing three or more regular employees.
2. The date of any alleged accident is May 18, 1993.
3. At all times pertinent hereto, there was an employee-employer relationship between the plaintiff and the defendant.
4. Defendant is self-insured under the provisions of the Workers' Compensation Act, with Crawford and Company as its administrator.
5. Plaintiff's average weekly wage can be determined by a Wage Chart (Industrial Commission Form 22) submitted by the parties at the hearing as a stipulated exhibit.
6. Plaintiff did not work for the defendant for the following periods of time: from May 18, 1993 through June 18, 1993 plaintiff worked two hours per day; from June 21, 1993 through June 30, 1993 plaintiff worked half days and full days on alternating work days; from July 1, 1993 through September 29, 1993 plaintiff worked full-time and received no reduction in wages; from September 30, 1993 through February 13, 1994 plaintiff did not work for the defendant; from February 14, 1994 and continuing through the date of the hearing plaintiff had worked for the defendant with no reduction in wages.
* * * * * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 63 years old, with a date of birth of November 20, 1930. Plaintiff had been employed by defendant for 37 years. In May 1993 plaintiff worked as a swatch checker, a job in which she inspected samples of denim to be sent to customers. She had worked at this job for two or three months.
2. On May 18, 1993 plaintiff was walking through defendant's plant. She turned around, and her leg gave out. As she fell, she caught herself with her right arm. As a result of the fall, plaintiff suffered an anterior inferior dislocation of her right shoulder. The fall on May 18, 1993 was an interruption of plaintiff's regular work routine by unusual circumstances likely to result in unexpected consequences.
3. As a result of the fall, it was necessary for plaintiff to seek medical treatment for the dislocated right shoulder. Treatment was provided by Lake Norman Regional Medical Center and by Oweida Sports Medicine and Orthopedic Center.
4. Plaintiff's average weekly wage was $375.17.
5. The undersigned make no findings of fact regarding any permanent partial disability which plaintiff may retain as a result of the fall of May 18, 1993.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On May 18, 1993 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C.G.S. § 97-2(6); Taylor v. Twin City Club,260 N.C. 435 (1963).
2. Plaintiff's average weekly wage is $375.00, yielding a compensation rate of $250.13. N.C.G.S. § 97-2(5).
3. As a result of the injury by accident of May 18, 1993, plaintiff is entitled to temporary total disability compensation in the amount of $250.00 per week for the period of time from September 30, 1993 through February 13, 1994. N.C.G.S. § 97-29.
4. As a result of the injury by accident of May 18, 1993, plaintiff is entitled to temporary partial disability compensation in the amount of 66 and 2/3 percent of the difference between the average weekly wage she was earning on May 18, 1993 ($375.17) and the wages she was actually able to earn for the period of time from May 18, 1993 through June 30, 1993. N.C.G.S. § 97-30.
5. Plaintiff is entitled to the payment of all medical expenses incurred, or to be incurred, by plaintiff as a result of the injury by accident of May 18, 1993. N.C.G.S. § 97-25.
* * * * * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. As a result of the injury by accident of May 18, 1993, defendant shall pay plaintiff temporary total disability compensation in the amount of $250.13 per week for the period of time from September 30, 1993 through February 13, 1994. As said amount has accrued, payment shall be made in a lump sum, subject to an attorney's fee as provided below.
2. As a result of the injury by accident of May 18, 1993, defendant shall pay plaintiff temporary partial disability compensation in the amount of 66 and 2/3 percent of the difference between the amount plaintiff was capable of earning on May 18, 1993 ($375.17) and the wages she actually earned working for defendant-employer for the period of time from May 18, 1993 to June 30, 1993. As said amount has accrued, payment shall be made in a lump sum, subject to an attorney's fee as provided below.
3. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the injury by accident of May 18, 1993.
4. An attorney fee in the amount of 25 percent of all compensation due plaintiff is hereby approved for plaintiff's counsel. Payment shall be made by deducting 25 percent from the compensation due plaintiff and forwarding same directly to plaintiff's counsel.
5. Defendant shall pay all costs.
This the _____ day of __________________________, 1994.
 S/ ___________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
JJB:mj 10/28/94