Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Employee is Charles A. Simmons.
2. Employer is Landfall Associates.
3. The carrier on the risk at the time of the alleged injury by accident was Aetna which has since merged with Travelers Insurance Company.
4. Employer regularly employs three or more employees and is bound by the North Carolina Workers' Compensation Act. The employer-employee relationship existed between the employer and the employee on November 21, 1996, the alleged date of injury.
5. The average weekly wage was to be determined from a Form 22 submitted by defendants at the hearing before the Deputy Commissioner.
6. Plaintiff's claim is for right shoulder and right knee injuries arising out of an accident in the scope and course of his employment, which said claim defendants have denied as compensable. Plaintiff specifically seeks temporary total disability benefits from November 21, 1996 until June 16, 1997 when he returned to work for the defendant-employer. Plaintiff also claims entitlement for payment for a 10% rating to his right leg assigned by his treating physician, Dr. Dale W. Boyd, Jr., M.D.
In addition, the parties stipulated into evidence the following:
1. Form 22 dated August 29, 1997.
2. A packet of stipulated documents with an index.
3. Letter from Dr. Boyd to Mr. Snyder dated August 25, 1998.
The Pre-Trial Agreement dated June 25, 1998 is incorporated by reference.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. As of November 21, 1996, plaintiff, who was then fifty years old, had been employed by defendant-employer for three weeks, although he had worked off and on for the company during the ten weeks before he actually became employed through a temporary service. He worked in the landscaping department and his job duties included mowing grass, edging curbs, trimming hedges, raking, planting flowers, picking up trash and otherwise keeping the grounds of the real estate development attractive.
2. Early in the morning of November 21, 1996, plaintiff and a coworker began inspecting the premises for litter. Jan, the coworker, drove a company truck along the sidewalk between the outer wall of the Landfall development and the adjacent highway. When they saw trash, Jan would stop the truck and one or both men would get out to pick it up and put it in the truck. At approximately 7:30 a.m. Jan stopped the truck and plaintiff began to get out of the vehicle. Plaintiff turned towards the door, placed his right foot on the ground and began to lift himself out of the seat when his knee suddenly buckled, causing him to fall. Plaintiff grabbed for the truck in order to break his fall and injured his right shoulder, but he was unable to catch himself so he fell to the ground. His knee at that point was extremely painful and Jan had to assist him back to the truck.
3. Plaintiff then reported his injury and was sent to Medac where he saw Dr. Harris. She diagnosed his condition as a knee sprain, prescribed Naprosin and advised him to use ice and crutches. He was also advised to see an orthopedic surgeon in follow-up. When he reported back to his employer's office, the secretary or human resources representative sent him to see Dr. Boyd, an orthopedic surgeon, that same day. Dr. Boyd examined his knee and was initially of the impression that he had torn cartilage in the knee which had resulted in his knee locking. Surgery was therefore scheduled for November 26. Plaintiff also complained of right shoulder pain and the doctor thought that he had probably sustained a right biceps strain.
4. During the arthroscopic surgery performed on November 26, 1996 to plaintiff's right knee, Dr. Boyd discovered that the cartilage was intact except for a small stable-appearing tear of the medial meniscus. However, there was a grade three tear of the anterior cruciate ligament. He repaired the tear but did not reconstruct the ligament. Following the surgery, plaintiff underwent physical therapy and slowly improved, although he continued to have problems with instability and with fully extending his knee. He was also treated for impingement type symptoms of the right shoulder, and that condition also slowly began to improve. By May 1997 Dr. Boyd allowed him to return to work with no climbing or working on elevated surfaces, but his employer did not offer work to him until June 16, 1997. He then returned to work and continued working until the date of hearing before the Deputy Commissioner.
5. Plaintiff testified that he did not know how or why he had fallen on November 21, 1996 but that he must have stepped in a hole, slipped in the grass or "something." However, on the date of injury, the human resources representative recorded a history on the Form 19 that plaintiff stepped out of the truck with his right foot and the foot gave out, causing him to fall. Plaintiff told Dr. Harris that he stepped out of the truck and his knee buckled. Dr. Boyd's office noted a similar history that his knee twisted or folded sideways as he was getting out of the truck. Finally, on November 25, 1996, four days after the injury, plaintiff gave a recorded statement in which he stated that his knee "just folded the wrong way" and then he fell.
6. Although plaintiff may not have remembered what happened by the time he testified in the case, plaintiff consistently stated right after the injury that his right knee buckled, causing him to fall, and that is found as fact in this case. Consequently, his fall was not unexplained. It resulted from his knee giving way due to an unknown physical infirmity.
7. The evidence did not establish that, due to his employment, plaintiff was placed in a position of increased risk of harm from a fall. He was not in an elevated position or next to dangerous machinery which could create a greater risk of injury from a fall.
8. Although plaintiff sustained an injury in the course of his employment on November 21, 1996, his injury was not the result of an accident arising out of his employment.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Although a fall at work is usually regarded as an accident, if the fall results solely from an idiopathic cause or a physical infirmity the nature of which is unknown, the injury is not compensable. Taylor vs. Twin City Club, 260 N.C. 435,132 S.E.2d 865 (1963); Cole vs. Guilford County,259 N.C. 724, 131 S.E.2d 308 (1963); Robbins vs. Bossong HosieryMills, Inc., 220 N.C. 246, 175 S.E.2d 20 (1941).
2. However, even if the employee falls due to an idiopathic condition, his injuries will be compensable to the extent that they result from a hazard incident to the employment which increased the risk of injury from a fall. Taylor vs. TwinCity Club, supra; Allred vs. Allred-Gardner, Inc.,253 N.C. 554, 117 S.E.2d 476 (1960).
3. In that plaintiff's fall on November 21, 1996 was due to an idiopathic condition which caused his knee to give way and in that his employment did not create a hazard which increased his risk of injury from a fall on that occasion, his injuries on that date did not result from an accident arising out of his employment. N.C. Gen. Stat. § 97-2(6); Taylor vs. TwinCity Club, supra.
4. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his injuries of November 21, 1996. N.C. Gen. Stat. § 97-2 et seq.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. This claim must, under the law, be and it is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of June 1999.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER