***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence. The Full Commission reverses the Opinion and Award of Deputy Commissioner Harris and enters the following Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. On October 1, 2006, the date of the injury by accident giving rise hereto, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On said occasion, the employee-employer relationship existed between plaintiff and Defendant-Employer.
3. On said occasion, Defendant-Employer was self-insured. The third-party administrator was Sedgwick CMS.
4. Plaintiff's average weekly wage is $238.40, yielding a compensation rate of $158.94.
5. Plaintiff last worked for Defendant-Employer on October 1, 2006.
6. To date, Defendants have not paid weekly compensation (TPD/TTD) or medical compensation. Defendants denied the claim on a Form 61 filed on October 13, 2006.
7. Plaintiff's counsel filed a Form 33 Request for Hearing on or about May 1, 2007. Defendants filed a Form 33R on or about May 30, 2007.
 *********** EXHIBITS
The following documents were accepted into evidence before the deputy commissioner as stipulated exhibits:
 • Exhibit 1: Executed Pre-Trial Agreement
 • Exhibit 2: Industrial Commission Forms
 • Exhibit 3: Plaintiff's medical records
 • Exhibit 4: Security camera video
The following document was accepted into evidence as a plaintiff's exhibit: *Page 3 
 • Exhibit 1: Case manager's report dated 10/16/06
Transcripts of the depositions of the following were also received post-hearing:
 • Dr. Robert Eaton (with Defendants' Exhibit 1)
 • Dr. Amal Das
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. As of October 1, 2006, plaintiff was working part-time in the Henderson County Travel and Tourism Department. Her primary job duties were answering the telephone and waiting on customers as the travel kiosk. She had been employed in this part-time capacity for about eight months. Plaintiff is 63 years old but was 60 years old at the time of the alleged inury on October 1, 2006.
2. On October 1, 2006, plaintiff got to work a little before her 9 a.m. scheduled start time so that she could make coffee and unlock the doors to the building. She worked with one other woman that day. There was nothing unusual or out of the routine about plaintiff's work that day.
3. At about 12:30 p.m., plaintiff was performing her normal job duties of waiting on a customer. While she was in the process of walking over to a counter to make change for the customer, plaintiff fell and broke her right hip.
4. Plaintiff did not know why she fell, nor could she attribute her fall to any particular object or reason. She did not slip or trip. Her leg did not give way, she did not feel faint or dizzy, nor did she have a seizure. *Page 4 
5. Dr. Eaton testified that the fall probably caused the fracture, rather than the hip fracturing and causing plaintiff to fall. The only possible reason plaintiff could articulate for her fall was that she thought the carpet upon which she was walking when she fell had been cleaned recently.
6. Plaintiff was taken to Mission St. Joseph's hospital, where Dr. Eaton performed surgery to repair the hip fracture. Dr. Das continued to treat plaintiff's right hip condition as of the hearing before the deputy commissioner. Although, Dr. Das opined that plaintiff has reached maximum medical improvement and that plaintiff suffered some permanent partial impairment due to the hip fracture, he had not provided a rating.
7. Yvonne Moebs, the risk management coordinator for Defendant-Employer, conducted a safety investigation the day after plaintiff's fall. In addition to doing the on-site inspection, she met with several of plaintiff's co-workers. Ms. Moebs observed nothing wrong with the carpet in the area in which plaintiff fell. The carpet was not wet, moist, sticky or tacky, nor was it rippled or indented. The other employees did not report any problems with the carpet. Ms. Moebs confirmed that the carpet had been spot-cleaned one night about two weeks before plaintiff fell. No other employees or members of the public had had any incidents as a result of the carpet in the Travel and Tourism Department.
8. The security footage of plaintiff's fall shows that her fall was not caused by any object impeding her path or some other cause or circumstance. Plaintiff simply stumbled and fell.
9. Although both Dr. Eaton and Dr. Das agree that plaintiff is capable of some work, plaintiff has not returned to work for any employer since her fall, nor has she sought any *Page 5 
employment. Plaintiff has, however, continued to be an active volunteer for her church, where she is a lay pastor. She spends approximatley 14 hours per week working with her church.
10. Plaintiff has standing as an undergraduate senior at Brevard College. She has studied theology. She is a trained artist and also described herself as a "computer whiz."
11. Plaintiff has worked in retail, as a teacher at a community college, and in telemarketing.
12. After the fall, plaintiff took an elderly relative and a disabled friend of hers to Ireland for a six-week tour in the summer of 2007.
13. Dr. Eaton and Dr. Das, plaintiff's treating orthopedists, agreed that plaintiff is physically capable of work.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. A claimant must prove that she suffered (1) an accident, (2)arising out of, and (3) in the course and scope of his employment. Janney v. J.W. Jones Lumber Co.,145 N.C.App 402, 407, 550 S.E.2d 543, 547 (2001). In this case, plaintiff has shown that she suffered an injury by accident in the course and scope of and arising out of her employment with defendant. Id.
2. It is not essential that there be evidence of any unusual or untoward condition causing the fall which causes the injury.Taylor v. Twin City Club, 260 N.C. 435, 132 S.E.2d 865 (1963). The fall itself is the unusual, unforeseen occurrence which is the accident. Robbins v. Bossong Hosiery Mills,220 N.C. 246, 17 S.E.2d 20 (1941). In the course of employment *Page 6 
refers to the time, place, and circumstances under which the accident occurred. Taylor, 260 N.C. 435, 132 S.E.2d 865 (1963). Arising out of the employment refers to the origin or cause of the accident. Id.
3. In the case sub judice plaintiff has shown that she suffered an accident in the course and scope of her employment. The issue remaining is whether plaintiff's October 1, 2006 accident arose out of her employment with defendant. In order to determine if an accident arose out of the employment, the employment must have been a contributing cause to the injury. Billings v. GeneralParts, Inc., 187 N.C. App 580, 654 S.E.2d 254 (2007). The evidence of record shows that plaintiff's fall was unexplained. Where a fall is unexplained, but related to a risk or hazard incident to plaintiff's employment, the injury is compensable.Rackley v. Coastal Printing,153 N.C. App 469, 570 S.E.2d 121 (2002)(citing Janney v. J.W. Jones LumberCo., 145 N.C.App 402, 407, 550 S.E.2d 543, 547 (2001).
4. In this case, plaintiff's unexplained fall occurred while she was performing her job duties for the benefit of the employer while being exposed to the risks thereof. Therefore, plaintiff's fall arose out of his employment with defendant. Taylor v. Twin CityClub, 260 N.C. 435, 132 S.E.2d 865 (1963).
5. Based upon the foregoing Conclusions of Law, plaintiff has shown that she sustained a compensable injury by accident arising out of and in the course of her employment on October 1, 2006, when she had an unexplained fall. Id.;
N.C. Gen. Stat. § 97-2(6).
6. Plaintiff is entitled to have defendants pay for all medical treatment related to plaintiff's fall that is reasonably necessary to provide relief or effect a cure. N.C. Gen. Stat. §§ 97-25; 97-25.1. *Page 7 
7. Plaintiff has failed to prove by the greater weight of the evidence that she is entitled to temporary total disability benefits. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993). However, plaintiff is entitled to compensation for any permanent partial disability rating as may be assigned by Dr. Das. N.C. Gen. Stat. § 97-30.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff for any permanent partial disability rating as may be assigned by Dr. Das .
2. Defendants shall pay for all medical treatment related to plaintiff's fall that is reasonably necessary to provide relief or effect a cure.
3. Defendants shall pay the costs, including expert witness fees to Dr. Eaton and Dr. Das.
This the 23rd day of October 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 8 
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER